In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1759

Nicholas DeVito,

Plaintiff-Appellant,

v.

Chicago Park District, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 94 C 4042--Wayne R. Andersen, Judge.

Argued October 2, 2001--Decided November 2, 2001

   Before Posner, Easterbrook, and Evans,
Circuit Judges.

   Posner, Circuit Judge.  This is a suit
under the Americans with Disabilities Act
charging that the plaintiff's employer
failed to accommodate his disability.
After a bench trial, the district judge
found that the plaintiff was physically
inca-pable of working full time, even
with an accommodation, and therefore was
not within the Act's protections. We
think the judge was right, and that in
any event the plaintiff's claim is barred
by the doctrine of estoppel.

   The plaintiff was a laborer for the park
district until he injured his back in
1979. The injury precluded his ever
returning to his laborer's job. In 1985,
however, pursuant to a "light duty"
program of assigning injured employees to
less strenuous jobs until they recover
from their injuries, the plaintiff was
given the job of answering the phone at a
park district office near his home. He
was told he could leave work whenever he
felt pain or stress, and in accordance
with this dispensation he would typically
leave work after only two or three hours,
though he was being paid the full wages
of a laborer who works eight hours a day.

   After four years of this, the park
district fired the plain-tiff after

catching him on videotape twisting, bending, and climbing in and out of trucks. At an internal park district appeal hearing in 1992, he testified that while ready, willing, and able to return to any position that was lighter than his old position of laborer, he still felt "the same way like from the day I got hurt" back in 1979. His appeal was turned down, precipitating this suit.

The employment provisions of the Americans with Disabilities Act provide relief only to persons who are capable, with or without an accommodation that would make it possible for them to work despite a disability, to perform the essential functions of their job, 42 U.S.C. sec. 12111(8); Morgan v. Joint Administration Board, No. 00-3859, 2001 WL 1205383, at *1 (7th Cir. Oct. 11, 2001), which in the case of a full-time job requires that they be capable of working full time. EEOC v. Yellow Freight System, Inc., 253 F.3d 943, 949 (7th Cir. 2001) (en banc); Pickens v. Soo Line R.R., No. 00-1497, 2001 WL 987557, at *3 (8th Cir. Aug. 30, 2001). Oddly, this is assumed rather than stated in most of the cases (even Yellow Freight and Pickens are less than fully explicit), but it is implicit in the cases that hold that a "gradual return to full-time work would have been a reasonable accommodation," e.g., Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 498 (7th Cir. 2000), that the ADA does not require permanent assignment to a temporary light-duty job, Hendricks-Robinson v. Excel Corp., 154 F.3d 685, 697 (7th Cir. 1998), and that regular attendance is an essential requirement of a job. E.g., Jovanovic v. In-Sink-Erator Division, 201 F.3d 894, 899-900 (7th Cir. 2000); Waggoner v. Olin Corp., 169 F.3d 481, 484-85 (7th Cir. 1999). Now it is possible, on the basis of testimony presented by the plaintiff at the trial, that he could work full time at one of the light-duty positions that the park district has. But the fact that he had not worked full time for 13 years at the time of the appeal hearing (or since, so far as we know), the ostensible reason being his disability, and his statement at that hearing that he felt no better than he had felt when he was first injured, was enough evidence to enable the district judge to find, as he did, that the plaintiff was incapable of working full time.

But there is a more fundamental objection to the plaintiff's claim. The doctrine of estoppel prevents a litigant from repudiating a representation that has reasonably, foreseeably induced reliance by the person to whom he made it. E.g., Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59 (1984); Gallegos v. Mt. Sinai Medical Center, 210 F.3d 803, 811 (7th Cir. 2000). Even if the representation was false (indeed that is the usual case in which the doctrine is applied), the maker of it is estopped (forbidden) to deny it and by denying it pull the rug out from under the unsuspecting person to whom he had made it.

Estoppel is a general doctrine of American law, Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000), and one form of it, judicial estoppel, the doctrine that forbids a party who has won a case on one ground to turn around in a subsequent case and repudiate that ground in an effort to win a second victory, New Hampshire v. Maine, 121 S. Ct. 1808, 1810-11 (2001), has already been applied in ADA cases much like this one--cases in which an employee attempts to whipsaw his employer by first obtaining benefits or concessions upon a representation of total disability to work full time and then seeking damages for the employer's failure to accommodate the disability, which the employee now seeks to prove was not total after all. See Lee v. City of Salem, 259 F.3d 667, 674 n. 3, 677 (7th Cir. 2001); Reed v. Petroleum Helicopters, Inc., 218 F.3d 477, 480 n. 6 (5th Cir. 2000) (per curiam); Mitchell v. Washingtonville Central School District, 190 F.3d 1, 7 (3d Cir. 1999); see also Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806 (1999); Feldman v. American Memorial Life Ins. Co., 196 F.3d 783, 791 (7th Cir. 1999); Motley v. New Jersey State Police, 196 F.3d 160, 165-67 (3d Cir. 1999).

The doctrine of judicial estoppel is not strictly applicable here, because DeVito obtained benefits upon a claim of total disability without suing for them. But the cases we cited after "see also," together with our decision in Wilson v. Chrysler Corp., 172 F.3d 500, 504-05 (7th Cir. 1999), hold (with or without using

the term "judicial estoppel") that an ADA plaintiff may be estopped by an inconsistent representation made to his employer to obtain benefits. These cases make perfectly good sense. A false representation that reasonably induces detrimental reliance is a classic basis for estoppel, and there is no reason why the doctrine should not be available to employers sued under the Americans with Disabilities Act as it is to other defendants. It is not as if the doctrine of judicial estoppel were something special, something unrelated to "ordinary" estoppel, and perhaps therefore something available in cases to which the general principles of estoppel would not apply. The only thing special about judicial estoppel is that the misrepresentation is made to a court.

Since different statutes define total disability differently, the employee will sometimes be able to explain away the apparent inconsistency of his positions; but not here. The park district was entitled to rely on the plaintiff's implicit representation (implicit in his behavior in his light-duty job answering the phone) that he could work no more than two or three hours a day and on his explicit representation that his condition had not improved since the original injury.

Affirmed.