**Linda S. COLLINS, Plaintiff–Appellant,**

v.

**NTN–BOWER CORPORATION, et al., Defendants–Appellees.**

No. 01–1930.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 19, 2001.[*]

Decided Dec. 5, 2001.

---

* Appellant waived any entitlement to oral argument in this case, and the court agreed that the case was appropriate for decision on the briefs and record.

Daniel S. Alcorn (submitted), Stoerzbach Morrison Robertson Wilcox Alcorn, Galesburg, IL, for Plaintiff-Appellant.

Roy G. Davis, Davis & Campbell, Peoria, IL, for Defendants-Appellees.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

After receiving twelve informal and four formal warnings for deficient attendance, Linda Collins was fired when she called in sick for two days in March 1998. That was all she said: that she was "sick." Her employer deemed this inadequate in light of Collins's spotty attendance record. But in this litigation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54, which entitles employees to as much as 12 weeks' unpaid leave per year in order to cope with major illnesses and important family events, Collins contends that she has a covered condition: depression. In a deposition Dr. Ronald K. Leonard testified that Collins is incapacitated by depression between 10% and 20% of the time, and that episodes may occur without warning. If this is so then it is doubtful that the Act has much to offer Collins. Courts have been reluctant to read the FMLA as allowing unscheduled and unpredictable, but cumulatively substantial, absences, when the Americans with Disabilities Act protects only persons who over the long run are capable of working full time. See *EEOC v. Yellow Freight System, Inc.*, 253 F.3d 943 (7th Cir.2001) (en banc); *DeVito v. Chicago Park District*, 270 F.3d 532 (7th Cir.2001). Collins is not suffering from an acute condition that will improve with time off; instead she asserts a right to take unscheduled leave at a moment's notice for the rest of her life. This implies that she is not qualified for a position where reliable attendance is a *bona fide* requirement, and a person not protected by the

ADA may be discharged. Yet Collins did not skip even 10% of working days before her discharge; her depression does not seem to be as severe as Dr. Leonard believes. Thus like the district court we focus on the question whether Collins complied with the requirement that she notify her employer of the need for FMLA leave.

■ The FMLA requires health-related leave only for employees who suffer from "a serious health condition". 29 U.S.C. § 2612(a)(1)(D). Depression may meet this description, and we shall assume that Collins suffers from clinical depression, which certainly meets it—but Collins did not let her employer know the reason for her absence, and notice is essential even for emergencies. See 29 C.F.R. § 825.303. "Sick" does not imply "a serious health condition". The regulation allows notice to be delayed a day or two (an emergency may interfere with giving notice as well as with working), but Collins took much longer to let her employer know why she did not show up. Although workers need not expressly assert rights under the FMLA, see § 825.303(b)—firms should be able to figure out for themselves the legal rules governing leave, once they know that a serious medical condition or family situation is ongoing, see *Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 312 (7th Cir. 1998)—employers still are entitled to the sort of notice that will inform them not only that the FMLA may apply but also when a given employee will return to work. *Gilliam v. United Parcel Service, Inc.*, 233 F.3d 969 (7th Cir.2000); *Diaz v. Ft. Wayne Foundry Corp.*, 131 F.3d 711 (7th Cir.1997). Collins did not furnish that kind of notice until this litigation—far too late, the district judge held when granting summary judgment to her employer.

■ On appeal Collins observes that § 825.303, which deals with situations in which advance notice is impossible, differs from § 825.302, which establishes the normal requirement of 30 days' notice. Section 825.302(c) provides: "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." No comparable language appears in § 825.303. This means, Collins insists, that when time is short an employee need *not* let the employer know that the leave is "FMLA-qualifying"—in other words, need not *ever* let the employer know that the medical condition is "serious." This is a lot to read into silence, especially when the premise of the argument is so doubtful. Collins treats § 825.302 as handling exclusively those situations in which advance notice is possible. Yet its language is not so limited; it deals with all particulars of notice, and then § 825.303 states an *exception to the timing rule*. On this understanding the substance and other particulars of notice must conform to § 825.302, and only the timing of its delivery is affected by § 825.303. See *Satterfield v. Wal–Mart Stores, Inc.*, 135 F.3d 973 (5th Cir. 1998).

Sometimes absence is required by an event that could not be predicted: for example, a family member who dies unexpectedly. That is not Collins's situation. Depression did not come on her overnight. In this suit she contends that it had been developing for years and that she had mentioned the problem to supervisors early in 1997, a year before the absence that led to her discharge. Once Collins knew that she had a problem, she could predict that this would lead her to miss work on occasion, and she could have given the notice contemplated by § 825.302 long before March 1998. Then when depression incapacitated her on a particular day she could have made clear the "serious" nature of her condition by referring to knowledge already in the employer's possession. A reference to being "sick" not only withheld

important information from the employer but likely threw it off the scent. Certainly it did not suggest to the employer that the medical condition might be serious or that the FMLA otherwise could be applicable. See *Price v. Ft. Wayne*, 117 F.3d 1022, 1026 (7th Cir.1997). Like the district court, therefore, we conclude that Collins failed in her obligation to tell the employer enough to suggest that the FMLA may be pertinent.

AFFIRMED.