In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1930

Linda S. Collins,

Plaintiff-Appellant,

v.

NTN-Bower Corporation, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-1053--Joe Billy McDade, Chief Judge.

Submitted November 19, 2001/*--Decided December 5, 2001


   Before Bauer, Easterbrook, and Evans,
Circuit Judges.

   Easterbrook, Circuit Judge.  After
receiving twelve informal and four formal
warnings for deficient attendance, Linda
Collins was fired when she called in sick
for two days in March 1998. That was all
she said: that she was "sick." Her
employer deemed this inadequate in light
of Collins's spotty attendance record.
But in this litigation under the Family
and Medical Leave Act, 29 U.S.C. sec.sec.
2601-54, which entitles employees to as
much as 12 weeks' unpaid leave per year
in order to cope with major illnesses and
important family events, Collins contends
that she has a covered condition:
depression. In a deposition Dr. Ronald K.
Leonard testified that Collins is
incapacitated by depression between 10%
and 20% of the time, and that episodes
may occur without warning. If this is so
then it is doubtful that the Act has much
to offer Collins. Courts have been
reluctant to read the fmla as allowing
unscheduled and unpredictable, but
cumulatively substantial, absences, when
the Americans with Disabilities Act
protects only persons who over the long
run are capable of working full time. See
EEOC v. Yellow Freight System, Inc., 253
F.3d 943 (7th Cir. 2001) (en banc);
DeVito v. Chicago Park District, 270 F.3d
532 (7th Cir. 2001). Collins is not

suffering from an acute condition that will improve with time off; instead she asserts a right to take unscheduled leave at a moment's notice for the rest of her life. This implies that she is not qualified for a position where reliable attendance is a bona fide requirement, and a person not protected by the ada may be discharged. Yet Collins did not skip even 10% of working days before her discharge; her depression does not seem to be as severe as Dr. Leonard believes. Thus like the district court we focus on the question whether Collins complied with the requirement that she notify her employer of the need for fmla leave.

The fmla requires health-related leave only for employees who suffer from "a serious health condition". 29 U.S.C. sec.2612(a)(1)(D). Depression may meet this description, and we shall assume that Collins suffers from clinical depression, which certainly meets it--but Collins did not let her employer know the reason for her absence, and notice is essential even for emergencies. See 29 C.F.R. sec.825.303. "Sick" does not imply "a serious health condition". The regulation allows notice to be delayed a day or two (an emergency may interfere with giving notice as well as with working), but Collins took much longer to let her employer know why she did not show up. Although workers need not expressly assert rights under the fmla, see sec.825.303(b)-- firms should be able to figure out for themselves the legal rules governing leave, once they know that a serious medical condition or family situation is ongoing, see Stoops v. One Call Communications, Inc., 141 F.3d 309, 312 (7th Cir. 1998)--employers still are entitled to the sort of notice that will inform them not only that the fmla may apply but also when a given employee will return to work. Gilliam v. United Parcel Service, Inc., 233 F.3d 969 (7th Cir. 2000); Diaz v. Ft. Wayne Foundry Corp., 131 F.3d 711 (7th Cir. 1997). Collins did not furnish that kind of notice until this litigation--far too late, the district judge held when granting summary judgment to her employer.

On appeal Collins observes that sec.825.303, which deals with situations in which advance notice is impossible, differs from sec.825.302, which

establishes the normal requirement of 30 days' notice. Section 825.302(c) provides: "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs fmla-qualifying leave, and the anticipated timing and duration of the leave." No comparable language appears in sec.825.303. This means, Collins insists, that when time is short an employee need not let the employer know that the leave is "fmla-qualifying"--in other words, need not ever let the employer know that the medical condition is "serious." This is a lot to read into silence, especially when the premise of the argument is so doubtful. Collins treats sec.825.302 as handling exclusively those situations in which advance notice is possible. Yet its language is not so limited; it deals with all particulars of notice, and then sec.825.303 states an exception to the timing rule. On this understanding the substance and other particulars of notice must conform to sec.825.302, and only the timing of its delivery is affected by sec.825.303. See Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973 (5th Cir. 1998).

Sometimes absence is required by an event that could not be predicted: for example, a family member who dies unexpectedly. That is not Collins's situation. Depression did not come on her overnight. In this suit she contends that it had been developing for years and that she had mentioned the problem to supervisors early in 1997, a year before the absence that led to her discharge. Once Collins knew that she had a problem, she could predict that this would lead her to miss work on occasion, and she could have given the notice contemplated by sec.825.302 long before March 1998. Then when depression incapacitated her on a particular day she could have made clear the "serious" nature of her condition by referring to knowledge already in the employer's possession. A reference to being "sick" not only withheld important information from the employer but likely threw it off the scent. Certainly it did not suggest to the employer that the medical condition might be serious or that the fmla otherwise could be applicable. See Price v. Ft. Wayne, 117 F.3d 1022, 1026 (7th Cir. 1997). Like the district court, therefore, we conclude that Collins

failed in her obligation to tell the employer enough to suggest that the fmla may be pertinent.

Affirmed

FOOTNOTE

/* Appellant waived any entitlement to oral argument in this case, and the court agreed that the case was appropriate for decision on the briefs and record.