David **LEVINE, Plaintiff–Appellant,**

v.

**THE CHILDREN'S MUSEUM OF IN-DIANAPOLIS, INCORPORATED,** Defendant–Appellee.

No. 02–3013.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 21, 2003.

Decided March 24, 2003.

Before CUDAHY, MANION, and ROVNER, Circuit Judges.

### ORDER

#### Introduction

David Levine claims that the Children's Museum of Indianapolis ("Museum") violated his rights under the Family Medical Leave Act ("FMLA") by firing him following an absence from work due to illness. The district court, in granting summary judgment in the Museum's favor, concluded that Levine did not suffer from a health condition sufficiently serious to trigger the protections of the FMLA, and that he did not put his employer on notice that his leave was caused by such an illness. We affirm.

#### Background

On December 3, 1999, David Levine was fired by the Children's Museum of Indianapolis following his absence from work on Friday, November 26, 1999 and Monday, November 29, 1999. On November 26, Levine left work early because of illness, and left the responsibility of the museum's planetarium in the care of a 16–year–old employee. He did not inform any of his coworkers that he was leaving work early, although he did phone his wife. During his absence a fight broke out in his area of responsibility between two teenage volunteers. Upon his return to work on Tuesday, November 30, he informed his supervisors that his absence from work was due to "illness." He later claimed that his absence from work was motivated by an attack of gastroesophageal reflux disease ("GERD").[1] He did not seek any medical

---

1. GERD is a condition where acid from the stomach is refluxed or pushed into the lower portion of the esophagus. The symptoms of

care for the attack, nor did he even consider doing so. The Museum's stated reason for terminating Levine's employment was his misconduct in choosing to leave the Museum early, without notifying any Museum personnel and leaving a teenage junior staff member alone to run the planetarium and to supervise other teenage volunteers.

Levine subsequently filed this suit claiming that the Museum's decision to terminate his employment was a violation of the FMLA, 29 U.S.C. § 2615(a)(1), which declares it unlawful for an employer to interfere with, restrain or deny the exercise of or attempt to exercise any right provided under the FMLA. He also claimed retaliation pursuant to 29 U.S.C. § 2615(a)(2), which prohibits discrimination or retaliation against employees who exercise their rights under the FMLA. In a thorough and well-reasoned opinion, the district court granted summary judgment, concluding that Levine did not have a claim because he could not show that he suffered from a serious health condition, thereby implicating the protections of the FMLA, nor could he demonstrate that the museum was on notice of his illness. Levine appeals.

### Discussion

On appeal Levine argues that the district court erred in granting summary judgment for the Museum because he presented evidence that his absence was qualified medical leave under the FMLA due to the fact that GERD is a serious health condition covered by the Act. He also maintains that the Museum is estopped from contending that his illness was not serious because they did not seek to certify that GERD caused his absence prior to terminating him. We review the district court's grant of summary judgment *de*

*novo*, examining the factual record in a light most favorable to the non-moving party. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir.2000). In determining whether a genuine issue of material fact exists, courts must consider all facts in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. *Haefling v. United Parcel Serv.*, 169 F.3d 494, 497 (7th Cir. 1999).

The FMLA gives eligible employees the right to take up to twelve work-weeks of unpaid leave during any twelve-month period for specified reasons. Among those reasons is a "serious health condition" that makes the employee unable to perform the functions of his position. 29 U.S.C. § 2612(a)(1)(D). The FMLA prohibits employers from interfering with or denying the exercise of rights protected by the Act under 29 U.S.C. § 2615(a)(1). The act also prohibits employers from discriminating or retaliating against employees who exercise their rights under the Act. 29 U.S.C. § 2615(a)(2). An employee bears the burden of proving that he was entitled to FMLA leave. *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir.1997).

Levine only offers a perfunctory and undeveloped argument that the district court was incorrect in its determination that his GERD was not a serious health condition, so we will not consider that issue on this appeal. *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1008 (7th Cir.2002). We turn next to Levine's main argument, that the Museum is estopped from asserting that he did not have a serious health condition because the Museum did not avail itself of mechanisms provided under the FMLA and its implementing regulations to determine whether Levine suffered from a serious health condition. Specifically, he notes that the Museum did not seek a medical certification

---

GERD can include pain or tightening in the    chest, nausea, headache and fatigue.

of his condition before terminating his employment.

Neither the statute nor the current case law supports his position. The FMLA states that an employer *may* seek certification of an illness leading to an employee's FMLA leave; the Act does not suggest that an employer *must* pursue these procedures or be foreclosed during litigation from the argument that an employee was not ill. 29 U.S.C. § 2613(a); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 385–86 (4th Cir. 2001). The Eighth Circuit has addressed this issue and held that an employer was estopped from arguing that an employee did not suffer a serious heath condition only when the employer was on notice that the employee was absent for a health condition that reasonably could be expected to fall within the FMLA's purview, and nevertheless did not seek certification. *See Thorson v. Gemini, Inc.*, 205 F.3d 370, 381–82 (8th Cir.2000). However, even if we assumed, *arguendo,* that an employer could be estopped from claiming that an employee did not suffer from a serious medical condition without having pursued FMLA certification procedures, Levine could only avail himself of this argument if he provided the Museum with timely notice that his absence that might be covered by the FMLA.

The notice requirement is mandated prior to applying estoppel because an employer's duties under the FMLA are not triggered until an employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave. *Horwitz v. Board of Educ. of Avoca Sch. Dist.*, 260 F.3d 602, 616 (7th Cir.2001) (noting that the protections of the FMLA are not available unless an employee gives his employer notice of a potential claim); *see also, Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir.1999). In cases where FMLA leave is unforeseeable "an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303 (2002). Once an employer receives this notice, it is obliged either to count the absence as FMLA leave or to seek certification to test the plaintiff's proof. *Browning* at 1049.

In this case, when Levine returned from his two-day leave he sent an email in reply to an email from his supervisor requesting him to explain his absence. In his reply email, Levine stated that he left work early on Friday, November 26 due to illness and "was out still sick on Monday." Although there is some evidence that Museum supervisors knew that Levine had GERD in the past, no evidence suggests that the Museum reasonably should have known that Levine's most recent "illness" was a GERD attack or that it qualified as a "serious health condition" under the FMLA. Employers are entitled to "the sort of notice that will inform them … that the FMLA may apply." *Collins v. NTN–Bower Corp.*, 272 F.3d 1006, 1008 (7th Cir.2001); *see also Satterfield v. Wal-Mart Stores*, 135 F.3d 973, 980 (5th Cir. 1998) ("While an employer's duty to inquire may be predicated on statements made by the employee, the employer is not required to be clairvoyant." (citations omitted)). A serious health condition, as defined by the FMLA's implementing regulations, requires: proof of treatment by a doctor, a period of incapacity of more than three consecutive calendar days, and a resulting regimen of continuing treatment under the supervision of a doctor. 29 C.F.R. § 825.114(a)(2)(i). At most, Levine's cursory email put his employers on notice that he was sick for one and a half work days and possibly the intervening weekend. He could not have provided them with any of the other elements in the regulation because he never saw a doctor for his November 1999 attack of GERD, nor did he even consider doing so. In

*Collins,* the Seventh Circuit affirmed summary judgment for the employer where the plaintiff had missed work for two days, and said she was "sick" but provided no other information. *See Collins* at 1008. We stated that " '[s]ick' does not imply a serious health condition." *Id.* Under these nearly identical facts, we conclude that Levine also failed his FMLA notice requirements because his notice only stated that he had missed a day and a half of work because he was sick but provided no other pertinent information. Therefore, even assuming that the Museum could be estopped from raising the argument that Levine did not suffer from a serious health condition, he cannot raise that argument because he failed to give the museum adequate notice of his condition.

### Conclusion

For the foregoing reasons, and for the reasons set out in the district court's comprehensive opinion, we affirm.