In the
# United States Court of Appeals
### For the Seventh Circuit

No. 05-3744

MARQUITA PHILLIPS,

*Plaintiff-Appellant,*

*v.*

QUEBECOR WORLD RAI INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 C 330—**William E. Callahan, Jr.**, *Magistrate Judge.*

ARGUED APRIL 14, 2006—DECIDED JUNE 12, 2006

Before BAUER, ROVNER, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Marquita Phillips sued Quebecor World RAI, Inc. (Quebecor) for violations of the Family and Medical Leave Act (FMLA). The magistrate judge granted summary judgment for Quebecor, finding that Phillips provided insufficient notice of a serious health condition. We affirm.

## I. Background

Quebecor operates the Brookfield, Wisconsin, printing facility where Phillips was an employee since 2000. Phillips was eligible for FMLA leave, which she requested and

received once in 2003. In her deposition testimony, Phillips acknowledged that she filled out an "Application for Family and Medical Leave of Absence" form provided by Quebecor in order to receive the leave.

The Quebecor World Attendance Policy (attendance policy) governs employee attendance. Phillips received a copy of the attendance policy, which provides that an employee with a continuing record of four to seven chargeable absences within a twelve-month period is subject to termination. Categories of absence considered "chargeable" include late arrivals, early departures, unexplained absences, and absences related to illness, injury, or non-qualifying personal reasons.

On August 1, 2003, Phillips was absent due to sickness. Because it amounted to her sixth chargeable absence within twelve months, she received a final warning for habitual absenteeism. From October 1 to October 3, 2003, Phillips was absent for personal reasons. This absence again gave Phillips six chargeable absences within twelve months, which prompted Linda Davis, Quebecor's Human Resources Administrative Secretary, to issue another final warning. The October 10 letter advised Phillips that her "overall attendance record falls in the range we define as habitual absenteeism in Section 2.7 of the Policy" and warned that if she remained "in the range of four to seven chargeable absences during the next twelve months," she would be subject to discharge.

On October 15, Phillips reported to work, told her supervisor, Ron Lockerman, that she was "sick," and left early. Lockerman did not inquire about her sickness or request medical documentation. Phillips submitted a form to Davis indicating that she was seen at the Comprehensive Health Center that day and should be off work from October 15 until October 19. The three days she then took off work resulted in another chargeable absence. A month later,

Phillips received half of a chargeable absence for arriving late to work. Less than two weeks after that, she received another half of a chargeable absence for the same reason.

On February 11, 2004, Phillips was again absent from work, was assessed another chargeable absence, and was terminated. Phillips was later diagnosed with a head tumor and sued under the FMLA. The magistrate judge granted Quebecor's motion for summary judgment. Phillips appealed.

## II. Discussion

Phillips claims that her termination violated the FMLA because the three-day absence beginning on October 15 should not have been considered chargeable. FMLA-qualifying leave may not be counted against an employee under an employer's "no fault" attendance policy. 29 C.F.R. § 825.220(c). According to Phillips, she provided sufficient information to inform Quebecor that her absence was FMLA-qualifying and thus to trigger Quebecor's duty to inquire into the nature of the medical reason for the absence. The magistrate judge, she claims, erred in granting summary judgment for Quebecor because a genuine issue of material fact existed regarding the sufficiency of the notice. We review the district court's grant of summary judgment *de novo. Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002). Summary judgment is appropriate when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The FMLA grants eligible employees the right to take leave because of a "serious health condition" that renders them unable to perform the functions of their position. 29 U.S.C. § 2612(a)(1)(D). The statute defines "serious health condition" as including "an illness . . . that involves . . .

continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(B). Regulations promulgated by the Secretary of Labor in turn provide a definition of "continuing treatment by a health care provider" that includes, in relevant part:

> A period of incapacity (i.e., inability to work . . .) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
> > (A) Treatment two or more times by a health care provider . . . ; or
> >
> > (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.114(a)(2)(i).

An employee provides adequate notice to the employer by stating "a qualifying reason for the needed leave." 29 C.F.R. § 825.208(a)(2). After an employee provides the requisite notice, it becomes incumbent upon the employer "to designate leave, paid, or unpaid, as FMLA-qualifying." 29 C.F.R. § 825.208(a). If "the employer does not have sufficient information about the reason for an employee's use of paid leave, the employer should inquire further of the employee" as necessary to designate the leave, *id.*, and may "obtain any additional required information through informal means." 29 C.F.R. § 825.303(b). If the required notice is not given, however, the employer can deny leave even if the employee has a serious health condition. *Aubuchon v. Knauf Fiberglass, GMBH*, 359 F.3d 950, 951 (7th Cir. 2004). This appeal turns on the adequacy of the notice Phillips provided.

When providing notice of leave, an employee is not required to "expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." 29 C.F.R. § 825.303(b). Employers, however, are

"entitled to the sort of notice that will inform them . . . that the FMLA may apply." *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1008 (7th Cir. 2001). For leave to be FMLA-qualifying, it must first result from a serious health condition. *Stoops v. One Call Commc'ns, Inc.*, 141 F.3d 309, 313 (7th Cir. 1998). Here, Phillips claims that she had "an illness . . . that involves . . . continuing treatment by a health care provider," which qualifies as a serious health condition under the statute. 29 U.S.C. § 2611(11)(B). She attempts to demonstrate that she was undergoing "continuing treatment," as defined in 29 C.F.R. § 825.114(a)(2)(i), with two arguments.

First, Phillips claims that the time period of her absence alone was sufficient to establish that she was undergoing "continuing treatment." Even if the employee has a qualifying period of incapacity, the regulation still requires it to be accompanied by either "treatment two or more times by a health care provider" or treatment resulting "in a regime of continuing treatment under the supervision of the health care provider." 29 C.F.R. § 825.114(a)(2)(i). The argument that the period of absence alone made for adequate notice, then, directly contravenes the plain meaning of the regulation.

Second, Phillips claims that she provided sufficient notice of her "continuing treatment" because the doctor prescribed medication on October 15. Under the regulations, a course of prescription medication qualifies as "a regime of continuing treatment." 29 C.F.R. § 825.114(b). In her deposition, Phillips testified that the doctor gave her "antibiotics and medicine." Even if this testimony is taken is true, however, no evidence suggests that she informed Quebecor of the prescription. Under the regulations, employees should provide notice "within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible." 29 C.F.R. § 825.303(a). Because Phillips does not argue that

extraordinary circumstances existed, she was bound by the time constraint. Yet it is undisputed that Phillips neither notified her supervisor nor submitted documentation regarding the medication within "one or two working days" of the date that she learned of the need for leave, October 15. Information concerning the prescription first surfaced at her deposition. As a result, Phillips failed to give timely notice that she was undergoing "continuing treatment." *See Brenneman v. MedCentral Health System*, 366 F.3d 412, 428 n.17 (6th Cir. 2004) (holding that plaintiff's later deposition testimony that the doctor prescribed medication was insufficient to provide notice of "a regimen of continuing treatment").

Quebecor also had no notice of the head tumor because Phillips herself did not discover it until months after her termination. The only information available to Quebecor at the relevant time consisted of the form Phillips submitted, stating that she had been seen at the health center, and her explanation that she was leaving because she was "sick." An employee's reference to being "sick," however, does "not suggest to the employer that the medical condition might be serious or that the FMLA otherwise could be applicable." *Collins*, 272 F.3d at 1009 (citing *Price v. Ft. Wayne*, 117 F.3d 1022, 1026 (7th Cir. 1997)). Phillips claims that the doctor's note triggered Quebecor's duty of inquiry under *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 886-87 (7th Cir. 2005). After an employee requests leave for a serious health condition, the employer may request certification by the employee's health care provider. 29 C.F.R. § 825.305(a). If the certification provided is incomplete, the employer must then afford the employee "a reasonable opportunity to cure" the deficiency. 29 C.F.R. § 825.305(d). These regulations, however, address the sufficiency of the doctor's certification rather than the sufficiency of the notice provided by the employee in the first instance.

Requiring employers to determine whether leave is covered by the FMLA every time an employee was absent because of sickness would impose "a substantial and largely wasted investigative burden on employers." *Aubuchon*, 359 F.3d at 953. Phillips' request for leave coupled with a mention of her sickness did not "place the employer on notice of a probable basis for FMLA leave" because she failed to convey any information regarding the nature of her medical problem. *Id*. As a matter of law, the information available to Quebecor did not require further inquiry. *See Price*, 117 F.3d at 1026.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
