In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3539

MICHELLE L. BAILEY,

*Plaintiff-Appellant,*

*v.*

PREGIS INNOVATIVE PACKAGING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:08-CV-332—**Philip P. Simon**, *Chief Judge*.

SUBMITTED MARCH 17, 2010—DECIDED APRIL 2, 2010

Before POSNER, MANION, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*.  The district court granted summary judgment for the defendant in this suit under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* The appeal raises several issues, but only two warrant discussion; the others have no possible merit.

The defendant fired the plaintiff because she had received more than 8 "points" for absenteeism during a 12-month period—a firing offense under the defendant's

"no-fault attendance policy." She would not have received so many points had she not taken two absences in July 2006. She contends that these absences were leaves to which the Act entitled her, and if this is correct the defendant could not lawfully penalize her for taking them. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(c); *Phillips v. Quebecor World RAI, Inc.*, 450 F.3d 308, 310 (7th Cir. 2006); *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577-78 (6th Cir. 2007). But to be entitled to take leaves protected by the Act in July 2006, she had to have "been employed for at least 1,250 hours of service with [her] employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(ii). And she hadn't been—unless, as she argues, she is entitled to toll the 12-month period for the 56 days during that period in which she *was* on FMLA leave—that is, unless she is entitled to add, to the time she worked during those 12 months, the time she worked during the 56 days that preceded the 12 months.

Tolling ordinarily adds time to the end of a limitations period. Suppose a two-year statute of limitations began to run on January 1, 2008, but was tolled for six months beginning on July 1, 2008, because the defendant had agreed to waive any defense based on the statute of limitations for that period while the parties tried to work out a settlement. Then the statute of limitations would expire not on December 31, 2009, but on June 30, 2010. The problem for the plaintiff in this case is that the 1,250-hour qualifying minimum must be satisfied before she can take any further FMLA leave. So she wants to be credited with hours worked for a period, before the 12 months, that is equal to the FMLA leave she took

during the 12 months that preceded the leave that caused her to be fired.

There is no basis for such a contortion of the statute—no hint in the statute or elsewhere that Congress envisaged and approved such a circumvention of the requirement that an applicant for FMLA leave have *worked* 1,250 hours in the preceding 12 months. We can't find a case directly on point, but are supported in our conclusion by the refusal of courts including our own to interpret the statutory term "service" in an expansive fashion that would dilute the 1,250-hour requirement. See *Pirant v. U.S. Postal Service*, 542 F.3d 202, 208-09 (7th Cir. 2008) (employee could not count time spent putting on work uniform as "hours of service" for FMLA eligibility); *Mutchler v. Dunlap Memorial Hospital*, 485 F.3d 854, 858 (6th Cir. 2007) (employee could not count bonus "hours" awarded for working weekends toward the 1,250 minimum because they weren't "hours actually worked"); *Plumley v. Southern Container, Inc.*, 303 F.3d 364, 372 (1st Cir. 2002) ("hours of service" include "only those hours actually worked in the service and at the gain of the employer" and so did not include hours in which the plaintiff did no work but for which he was awarded backpay in an arbitration proceeding against the employer).

The plaintiff's second argument is that the defendant retaliated against her for taking FMLA leave. Such retaliation violates the Act. See 29 U.S.C. § 2615(a)(1) ("it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter"); 29 C.F.R. § 825.220(c)

("the Act's prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights"). A "point," which as we know jeopardizes a worker's employment with the defendant, is removed 12 months after it is imposed. But as we also know, the defendant does not count time on leave, including FMLA leave, toward the 12 months. Therefore it takes someone like the plaintiff, who has taken FMLA leave, longer to wipe the slate clean than it would take an otherwise similar employee who had not taken FMLA leave in the preceding 12 months.

The Act provides that taking FMLA leave "shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." 29 U.S.C. § 2614(a)(2). An initial question is whether a removal of absenteeism points is an "employment benefit." If it isn't, the plaintiff wasn't deprived of anything that the Family and Medical Leave Act protects.

It is a "benefit" in approximately the sense in which granting parole is a benefit to the parolee; it reduces a penalty. A more positive light in which to view the defendant's 12-month erasure policy, however, is that every time an employee completes 12 months of work he accrues a right to have incurred up to 8 absenteeism points without losing his job.

But is this right an *employment* benefit within the meaning of the Act? The Act defines "employment benefits" as "all benefits provided or made available to employees by an employer, including group life insurance,

health insurance, disability insurance, sick leave, annual leave, educational benefits, and pensions." 29 U.S.C. § 2611(5). As the list of "employment benefits" is not exhaustive, the fact that it does not mention removal of absenteeism points has no significance. And the word "all" suggests that "employment benefits" should probably be construed broadly.

The Department of Labor, which administers the Family and Medical Leave Act, has issued an opinion letter (FMLA-100, 1999 WL 1002428 (Jan. 12, 1999)) saying that removal of absenteeism points is indeed an employment benefit within the meaning of the Act. Opinion letters issued by government agencies, including the Department of Labor, are "entitled to respect"—but only to the extent that they have "power to persuade." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000), quoting *Skidmore v. Swift & Co.*, 324 U.S. 134, 140 (1944); see also *CenTra, Inc. v. Central States, Southeast & Southwest Areas Pension Fund*, 578 F.3d 592, 601 (7th Cir. 2009); *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 547 F.3d 115, 127 (2d Cir. 2008). There is no *reasoning* in this opinion letter. It just states a conclusion, which unless self-evident has no power to persuade. *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228, 1238 (11th Cir. 2002), rejected the position asserted in an opinion letter of the Department of Labor because the letter "[did] not offer any reasoning" for its conclusion. And *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 303 (6th Cir. 1998), did the same thing with Department of Labor opinion letters that "provide[d] no reasoning or statutory analysis to support their conclusion." See also *Catskill Development,*

*L.L.C. v. Park Place Entertainment Corp., supra*, 547 F.3d at 127.

We therefore give no weight to the letter; nevertheless we think the better interpretation of the statute is that wiping a point off the absenteeism slate is indeed an employment benefit. Although Congress's purpose in making 12 months the minimum period for requiring the employer to grant FMLA leave was to exclude temporary and seasonal workers, see S. Rep. No. 3, 103d Cong., 1st Sess. 23 (1993), the defendant presumably chose 12 months as the length of time for absenteeism points to remain on the employee's record because the employee's working continuously for that length of time would be an indication that despite an occasional unauthorized absence he was a dependable worker after all. He would have earned forgiveness for the absence that had caused him to be given a point.

For the employer to deduct, from the 12 months, leave taken—for whatever reason—is consistent with, and indeed a natural corollary of, no-fault attendance policies, which are common, see, e.g., "Attendance Policies: Absenteeism Without Breaking the Law," *Business Management Daily*, Aug. 1, 2008, www.businessmanagementdaily.com/articles/9100/1/Attendance-polices-Control-absenteeism-without-breaking-the-law/Page (visited March 31, 2010), and (depending on the precise terms) are consistent with the Family and Medical Leave Act. The Act is intended for the protection of workers who despite taking FMLA leave are committed to working for their employer. The intent is thus not simply to help families but "to balance the

demands of the workplace with the needs of families." 29 U.S.C. § 2601(b)(1). No-fault attendance policies (called "no fault" because they do not require or permit the employee to justify an absence by presenting a note from his doctor or equivalent evidence of justification—a process considered demeaning by many employees, as well as being administratively burdensome to the employer and easily abused) are consistent with this aim.

But while the removal of absenteeism points is, we conclude, an employment benefit, this cannot help the plaintiff. We must attend to the language of section 2614(a)(2): taking FMLA leave "shall not result in the loss of any employment benefit *accrued prior to the date on which the leave commenced*." The clause that we have italicized implies that a benefit that accrues after leave commenced is not protected. The implication is made explicit by section 2614(a)(3)(A), which says that the Act does not entitle an employee to "the accrual of any . . . employment benefits during any period of leave." If removal of absenteeism points (commonly though misleadingly called "attendance points") is an employment benefit, it is one that accrues 12 months after an absence. Until then the employee has no right to have an absenteeism point removed. An employee who worked for 11 months and was on leave the other month (say he began work on January 1 and was still employed on December 31, but was on leave during the month of July) cannot add the month that he was on leave in order to obtain a benefit available to an employee who worked for 12 months rather than 11, because the employee is not entitled to "the accrual of any . . . employment benefits during any period of leave."

An employee must not be penalized by being deprived, just because he is on family leave, of a benefit that he has earned (i.e., that has accrued to him) by working. But by the same token he cannot, when on family leave, accrue benefits that accrue only by working. The statute is explicit that an employee does not accrue seniority by being on family leave, 29 U.S.C. § 2614(a)(3)(A), because seniority is a reward for working; and similarly we conclude that an employee does not accrue absenteeism forgiveness when on leave, because that too is a reward for working. The defendant's no-fault attendance policy is a lawful method of determining whether an employee has, despite absences, a sufficiently strong commitment to working for his employer to wipe an absence off his record. The plaintiff failed to demonstrate that commitment.

AFFIRMED.