17 A.3d 834 (2011)
419 N.J. Super. 512
In the Matter of TOWNSHIP OF PARSIPPANY-TROY HILLS, Petitioner-Appellant, and
Parsippany Public Employees Local 1, Respondent-Respondent.
No. A-0471-10T2.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 2011.
Decided May 5, 2011.
*837 Stephen E. Trimboli argued the cause for appellant (Knapp, Trimboli & Prusinowski, L.L.C., attorneys; Mr. Trimboli, of counsel and on the briefs).
Thomas A. McKinney, Morristown, argued the cause for respondent Parsippany Public Employees Local 1 (Castronovo & McKinney, L.L.C., attorneys; Mr. McKinney, on the brief).
Christine Lucarelli, Deputy General Counsel, attorney for respondent New Jersey Public Employment Relations Commission, on the statement in lieu of brief.
Before Judges WEFING, BAXTER and KOBLITZ.
The opinion of the court was delivered by
KOBLITZ, J.S.C. (temporarily assigned).
Township of Parsippany-Troy Hills (Township) appeals from a decision of the New Jersey Public Employment Relations Commission (PERC) that the Township had neither a statutory nor a managerial right to require employees who decline Family Medical Leave Act (FMLA) leave to complete a FMLA medical certification. PERC decided that this issue is within the scope of negotiations between the Parsippany Public Employees Local 1 (Union) and the Township. After reviewing the record in light of the contentions advanced on appeal, we affirm.
The Union represents the Township's blue collar employees. A member of the Union wanted to use paid sick leave rather than unpaid FMLA leave when taking approximately four to six weeks off from work to care for a sick relative.[1] The Township asked the employee to submit a FMLA certification form completed by a health care provider and threatened suspension when he initially refused.[2] Although the employee ultimately submitted the completed form, the Union subsequently filed an unfair practice charge claiming that the Township could not require an employee to fill out the FMLA form if the employee chose not to use FMLA leave.
PERC noted its determination was limited to whether or not the "subject matter in dispute is within the scope of collective negotiations." Ridgefield Park Ed. Ass'n v. Ridgefield Park Bd. of Ed., 78 N.J. 144, 154, 393 A.2d 278 (1978). The test for such a determination is set forth in Local 195, IFPTE v. State, 88 N.J. 393, 404, 443 A.2d 187 (1982) as follows,
[A] subject is negotiable between public employers and employees when (1) the item intimately and directly affects the work and welfare of public employees; (2) the subject has not been fully or partially preempted by statute or regulation; and (3) a negotiated agreement would not significantly interfere with the determination of governmental policy. . . . When the dominant concern is the government's managerial prerogative to determine policy, a subject may not be included in collective negotiations even though it may intimately affect employees' working conditions.
N.J.S.A. 34:13A-5.3 requires that public employers "negotiate in good faith with respect to grievances, disciplinary disputes, *838 and other terms and conditions of employment." "PERC's interpretation of [the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -30], is entitled to substantial deference . . . unless its interpretation is plainly unreasonable,. . . contrary to the language of the Act, or subversive to the Legislature's intent." Tpk. Auth. v. AFSCME Council 73, 150 N.J. 331, 352, 696 A.2d 585 (1997). We will not disturb a PERC decision "`unless it is clearly demonstrated to be arbitrary and capricious.'" Jersey City v. Police Officers, 154 N.J. 555, 568, 713 A.2d 472 (1998) (internal citation omitted).
The Township argues that PERC improperly found that it could not require employees to submit a completed FMLA medical certification so that the Township could determine whether the employees are eligible to take FMLA leave. The Township argues that the issue is not subject to negotiation because it is preempted by federal regulations adopted under the FMLA, which place an obligation on the employer to request information from employees in order to determine FMLA eligibility.
"[T]he mere existence of legislation relating to a given term or condition of employment does not automatically preclude negotiations. Negotiation is preempted only if the regulation fixes a term and condition of employment expressly, specifically and comprehensively." Bethlehem Twp. Bd. of Educ. v. Bethlehem Twp. Educ. Ass'n, 91 N.J. 38, 44, 449 A.2d 1254 (1982) (citation and internal quotation marks omitted).
"Both state law, N.J.S.A. 34:11B-1 to -16, and federal law, 29 U.S.C.A. § 2612 [(the FMLA)], require that a qualifying employer must provide its employees with twelve weeks of unpaid leave for certain family and medical reasons during a consecutive twelve month period." Gerety v. Atl. City Hilton Casino Resort, 184 N.J. 391, 393, 877 A.2d 1233 (2005). The employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title," 29 U.S.C.A. § 2615(a)(1). The FMLA shall not be construed to discourage employers from providing more generous leave. 29 U.S.C.A. § 2653. The FMLA also does not supersede any state law that "provides greater family or medical leave rights." 29 U.S.C.A. § 2651(b).
The United States Department of Labor has promulgated detailed regulations governing the implementation of the FMLA. See 29 C.F.R. § 825. Pursuant to the FMLA, the employer is required to provide the following four notices to employees. The employer must provide general notice of the FMLA's provisions and provide information regarding the procedures for filing complaints for violations of the FMLA pursuant to 29 C.F.R. § 825.300(a). Pursuant to the "general notice" requirements, the employer must post this information in a conspicuous location on the employer's premises as well as in employee handbooks or other written guidance provided to employees. 29 C.F.R. § 825.300(a).
The employer must also provide the employee with "eligibility notice" pursuant to 29 C.F.R. § 825.300(b), which requires the employer to notify the employee whether the employee is eligible based on the employee's length of employment and the employer's obligation to provide FMLA leave based on the number of individuals it employs. This notice, pursuant to 29 C.F.R. § 825.300(b), must be provided when the employee requests leave or when the employer acquires information indicating that the employee's leave may be for a FMLA-qualifying reason.
*839 The employer must also provide the employee with notice of the employee's "rights and responsibilities" pursuant to 29 C.F.R. § 825.300(c). The "rights and responsibilities" notice details the specific expectations and obligations of the employee to secure leave under the FMLA as well as any consequence of the employee's failure to meet such obligations.
The employer must ultimately provide the employee with "designation" notice, i.e., whether the employee's leave qualifies as FMLA leave, pursuant to 29 C.F.R. § 825.300(d). The employer need not provide notice that the leave will actually be designated and counted as FMLA leave until it has sufficient information to determine whether or not the circumstances qualify the employee for FMLA leave.
Employers are required to inform employees when they may be eligible for FMLA leave, even if the employee does not specifically request FMLA leave. 29 C.F.R. § 825.301(a). "Ordinarily, an employee's statement to his employer indicating that he needs leave to care for a seriously ill parent would be sufficient to invoke the protections of the FMLA." Righi v. SMC Corp. of Am., 632 F.3d 404, 409 (7th Cir.2011). "Once an employee invokes his FMLA rights by alerting his employer to his need for potentially qualifying leave, the regulations shift the burden to the employer to take certain affirmative steps to process the leave request." Ibid. 29 C.F.R. § 825.301(a) governs employer responsibilities regarding the designation of FMLA leave and provides:
The employer's decision to designate leave as FMLA-qualifying must be based only on information received from the employee . . . In any circumstance where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee. . . to ascertain whether leave is potentially FMLA-qualifying. Once the employer has acquired knowledge that the leave is being taken for a FMLA-qualifying reason, the employer must notify the employee as provided in § 825.300(d).
29 C.F.R. § 825.300(d), explaining the notice that must be given by an employer to an employee requesting leave, provides, in relevant part:
The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee as provided in this section. When the employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason (e.g., after receiving a certification), the employer must notify the employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances.
The Township read this provision as permitting it to request medical certification under any circumstances where the leave might qualify as FMLA leave. The FMLA regulations, however, allow employers to request medical certifications from employees in certain circumstances only. 29 C.F.R. § 825.305(a) provides, in relevant part:
An employer may require that an employee's leave to care for the employee's covered family member with a serious health condition, or due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position, be supported by a certification issued by the health care provider of the employee or the employee's family member.
*840 Based on these regulations, employees must provide employers with sufficient information for the employers to determine whether they are eligible for FMLA leave before an employer must designate leave as being FMLA leave. An employee's failure to provide sufficient notice to his or her employer may result in a denial of FMLA leave. The regulations indicate that an employee may not be entitled to FMLA leave if he or she does not provide sufficient information to his or her employer because "employers are `entitled to the sort of notice that will inform them. . . that the FMLA may apply. . . .'" Righi, supra, 632 F.3d at 410 (quoting Collins v. NTN-Bower Corp. 272 F.3d 1006, 1008 (7th Cir.2001)). 29 C.F.R. § 825.301(b), governing employee obligations regarding designation of FMLA leave provides, in relevant part:
An employee giving notice of the need for FMLA leave must explain the reasons for the needed leave so as to allow the employer to determine whether the leave qualifies under the Act. If the employee fails to explain the reasons, leave may be denied.
PERC correctly stated that "[t]he FMLA regulations do not address an employer's duty to designate the leave as FMLA-qualifying when, as in this case, the employee declines FMLA leave and wishes to use paid leave." Although these regulations place a duty on the employers to inform employees when they are eligible for FMLA due to the employee's length of employment and the number of employees employed by the employer, the employers need not provide an employee with notice of whether or not his or her leave is covered by the FMLA, i.e., designation notice, until the employer "has enough information to determine whether the leave is being taken for a FMLA-qualifying reason (e.g., after receiving a certification)." 29 C.F.R. § 825.300(d).
29 C.F.R. § 825.305(d) governs the consequences an employee faces if he fails to submit a required medical certification, stating:
If the employee fails to provide the employer with a complete and sufficient certification, despite the opportunity to cure the certification as provided in paragraph (c) of this section, or fails to provide any certification, the employer may deny the taking of FMLA leave, in accordance with § 825.313. It is the employee's responsibility either to furnish a complete and sufficient certification or to furnish the health care provider providing the certification with any necessary authorization from the employee or the employee's family member in order for the health care provider to release a complete and sufficient certification to the employer to support the employee's FMLA request.
Thus, if the employee refuses to provide the employer with sufficient information, such as a medical certification to determine whether the leave qualifies as FMLA leave, the employee may be denied FMLA leave pursuant to 29 C.F.R. § 825.301(b).
Although the regulations permit an employer to require a FMLA medical certification before granting FMLA leave, PERC correctly found that if the employee specifically states that he or she is not requesting FMLA leave, these regulations do not apply, and the employer may not require a medical certification pursuant to 29 C.F.R. § 825.305(a). PERC's decision does not affect the Township's right to request a FMLA medical certification from employees who do not specifically state that they do not seek FMLA leave.
The Seventh Circuit has found explicitly that an employee may waive his or her FMLA rights "if he clearly expresses to his employer that he does not wish to *841 use the protections of the FMLA." Righi, supra, 632 F.3d at 409 (citing Ridings v. Riverside Med. Ctr., 537 F.3d 755, 762-63 (7th Cir.2008)). Here, the employee unequivocally waived his FMLA rights when he told the Township he did not wish to take FMLA leave. At that point, the Township did not have any obligation to designate his leave as FMLA leave.
The Township claims that it faces potential liability under the FMLA if it is unable to require its employees to submit medical certifications because without this information the Township will be unable to fully inform an employee of his or her FMLA rights. An employer will not be liable for interference under the FMLA unless the employee can prove that: "(1) he was eligible for FMLA protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take FMLA leave; and (5) his employer denied him FMLA benefits to which he was entitled." Righi, supra, 632 F.3d at 408. In order for the Township to be liable under the FMLA, the employee would have to show that he was prejudiced by the lack of information about FMLA leave. See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir.2004) (holding that although Conoshenti's employer did not provide him with adequate information regarding his FMLA leave eligibility, Conoshenti would have been subject to immediate discharge regardless of whether or not he had taken FMLA leave because his leave exceeded the twelve weeks granted by the FMLA.). Here, the employee could not have shown prejudice because he specifically stated that he did not intend to take FMLA leave.
The Township does not face potential liability where the employee "unequivocally" states that he does not want to take FMLA leave. See Righi, supra, 632 F.3d at 408-09. PERC noted in its statement in lieu of brief that
[i]n the narrow instance when an employee declines FMLA leave, it is presumed that to prevent liability under the Act, the employer will document that it provided the required notice and issued a . . . notice documenting the employee's choice to decline FMLA leave and failure to complete the medical certification form.
"[A]n employee's failure to comply with the notice requirements of the FMLA and its regulations `forecloses . . . an FMLA interference claim because [the employee] did not fulfill [his] obligations in order to be protected.'" Ibid. (quoting Ridings, supra, 537 F.3d at 760). Although the Township emphasizes that it is required to designate whether leave qualifies as FMLA leave in all circumstances pursuant to the notice requirements, 29 C.F.R. § 825.300(d), if it does not receive a certification from an employee that is necessary to make this determination, it may not be held liable for failing to do so. 29 C.F.R. § 825.301(a). The regulations specifically provide that an employer's obligations under 29 C.F.R. § 825.300(d) are not triggered until the employee provides sufficient information to determine whether or not his or her leave qualifies as FMLA leave. 29 C.F.R. § 825.301(a).
The Township argues that it has an inherent managerial prerogative to require the FMLA medical certifications to verify sick leave, irrespective of whether an employee requests leave that may be eligible for FMLA protections. Accordingly, the Township argues that it should not have to bargain for the right to request such certification.
PERC's decision does not prohibit the Township from requiring verification from *842 an employee who wishes to take sick leave that is not FMLA leave. Rather, PERC stated that it has "repeatedly held that an employer has a prerogative to require employees on sick leave to produce doctors' notes verifying their sickness." PERC noted that "sick leave verification does not permit an employer to routinely request details of an employee's illness." Moreover, the form the Township required is designated on its face as a FMLA form. PERC noted that the parties did not reach an agreement on whether or not paid leave and FMLA leave must run concurrently[3] and found that the Township was not using the form to implement a negotiated leave system requiring employees to take FMLA leave whenever eligible. PERC found that "[b]ecause the employer does not need the details of an illness to verify sick leave, on balance, absent a question of sick leave abuse or fitness for duty, an employee's privacy interests outweigh the employer's interest in obtaining details of an employee's illness or injury."
PERC stated that the Township may not require an employee to provide the FMLA medical certification to verify an employee's paid leave where, as here, an employee specifically waived his rights under the FMLA by stating that he did not want to take FMLA leave. The Township misconstrued PERC's decision as precluding it from requiring a detailed medical certification under all circumstances. PERC did not decide that the Township could not require some verification when an employee requests paid sick leave to care for an ill family member. PERC decided that this particular detailed medical provider form, clearly intended for FMLA leave, could not be required whenever an employee requested extended sick leave.
"It is clear that the finding of a connection between a managerial prerogative and an issue sought to be negotiated does not automatically bar negotiability." Elizabeth v. Elizabeth Fire Officers Ass'n, 198 N.J.Super. 382, 386, 487 A.2d 337 (App.Div.1985). We have recognized that "nearly every determination by management in the public sector will, in some measure, implicate the governmental policy function." Ibid. For negotiation of a specific issue to be precluded by a managerial prerogative, negotiation must significantly interfere with the determination of governmental policy. Local 195, supra, 88 N.J. at 404-05, 443 A.2d 187. The Court has explained how to determine whether negotiation of an issue would significantly interfere with governmental policy, stating:
To decide whether a negotiated agreement would significantly interfere with the determination of governmental policy, it is necessary to balance the interests of the public employees and the public employer. When the dominant concern is the government's managerial prerogative to determine policy, a subject may not be included in collective negotiations even though it may intimately affect employees' working conditions.
[Id. at 404-05, 443 A.2d 187.]
In Elizabeth, supra, we affirmed PERC's holding "that the city had a managerial prerogative to require sick leave verification at any time," and allowing the parties to negotiate as to the issue of who paid for the required doctors' reports. 198 N.J.Super. at 386, 487 A.2d 337. We held *843 that PERC's decision "accommodate[d] the legitimate interests of management and labor without unduly interfering with managerial prerogative." Ibid.
The Township's inability to require an employee who does not wish to take FMLA leave to submit the FMLA certification does not interfere with its managerial function. The Township does have the managerial prerogative to require sick leave verification pursuant to its established policy. The Township may also require a FMLA certification when an employee may be eligible to take FMLA leave and does not explicitly decline that leave in favor of another authorized form of leave.
Affirmed.
NOTES
[1] We were informed at oral argument that such use of paid sick leave is permitted by the Union's contract with the Township.
[2] The title of the form is:

TOWNSHIP OF PARSIPPANY-TROY HILLS
Certification of Health Care Provider (Family and Medical Leave Act of 1993)
[3] The parties have agreed that this issue regarding concurrent or consecutive use of the two types of leave will be negotiated or resolved by way of the parties' contractual grievance procedure.