# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2523

_____

Lyree Roberson; King Roberson,    *
                                  *
            Appellants,           *
                                  *   Appeal from the United States
     v.                           *   District Court for the
                                  *   Western District of Missouri.
AFC Enterprises, Inc.,            *
doing business as Church's Chicken,  *
                                  *
            Appellee.             *

_____

Submitted: February 10, 2010
Filed: April 26, 2010

_____

Before RILEY,[1] Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Lyree Roberson (Lyree) alleged she was injured after slipping on a wet oil spot in the parking lot of Church's Fried Chicken (Church's), a fast-food restaurant owned by AFC Enterprises, Inc. (AFC). Lyree and her husband, King Roberson (King) (collectively, Robersons), appeal the district court's[2] grant of judgment as a matter of

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

law in favor of AFC. The Robersons argue the district court erred in granting judgment as a matter of law because they presented sufficient evidence for a jury to find AFC knew, or by using ordinary care should have known, about the oil spill in its parking lot. We affirm.

## I.     BACKGROUND

On November 19, 2004, Lyree, then age 79, went with her two-year old great-grandson to pick up dinner at Church's located in Kansas City. Lyree had visited this particular restaurant before, and she had not experienced any problems and did not remember seeing any oil spots. There was no rain on November 19, and the temperature was near 60 degrees.

Upon arriving at Church's, Lyree parked her car in a parking spot on a slight incline to the right of the restaurant entrance. Lyree got out of the driver side of her car, walked around the back, and approached the passenger side to let her great-grandson out of the car. While on the passenger side, Lyree vaguely remembered noticing a grease or oil spot on the ground, but she testified the spot did not seem slick and she did not pay any attention to the spot.

Lyree and her great-grandson went into the restaurant for approximately ten minutes to purchase their food. When they exited the restaurant, Lyree was holding her great-grandson's hand in her left hand and the chicken, her keys, and possibly her purse in her right hand. Lyree approached the passenger side from the front of the car. Lyree alleged that just before she reached the passenger side door, she stepped on a wet oil or grease spot with her right foot, slipped, and fell down. When she got up, Lyree had a black, greasy or oily substance on her jacket and dress. As a result of the fall, Lyree claimed she injured her back, head, right leg, right knee, left hip, and left eye.

On January 23, 2008, the Robersons filed a complaint against AFC in the Circuit Court of Jackson County, Missouri. Lyree sought damages for her injuries on a

premises liability theory, and King sought damages for loss of consortium. AFC removed the case to the district court based upon diversity jurisdiction. See 28 U.S.C. § 1332.

AFC filed a motion for summary judgment arguing (1) the Robersons failed to raise a genuine issue of material fact as to whether AFC had actual or constructive knowledge of the oil spot before Lyree fell, and (2) any oil spot was so open and obvious that as a matter of law Roberson failed to use due care to avoid falling. The district court denied AFC's motion for summary judgment.

On April 13, 2009, a jury trial began. Lyree testified, but King was not present at the trial due to health issues. After Lyree's presentation of evidence, AFC moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). AFC claimed Lyree failed to present sufficient evidence that AFC had actual or constructive knowledge of the oil spot and again argued any oil spot was so open and obvious that Lyree failed to use due care. The district court granted AFC's motion and held the evidence Lyree presented was insufficient for the jury to find AFC knew, or should have known, about the alleged dangerous condition in its parking lot.

The Robersons filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) or, in the alternative, a new trial pursuant to Fed. R. Civ. P. 59(b), which the district court denied. This appeal followed. We have jurisdiction over this final judgment pursuant to 28 U.S.C. § 1291.

## II.    DISCUSSION

We review a district court's grant of judgment as a matter of law de novo, and we apply the same standard used by the district court. See Miller v. City of Springfield, 146 F.3d 612, 614 (8th Cir. 1998). Granting judgment as a matter of law is appropriate "when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'"

<u>Id.</u> (quoting Fed. R. Civ. P. 50(a)(1)). When reviewing the district court's grant of judgment as a matter of law, we must

> (1) resolve direct factual conflicts in favor of the nonmovant,
> (2) assume as true all facts supporting the nonmovant which the evidence tended to prove,
> (3) give the nonmovant the benefit of all reasonable inferences, and
> (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

<u>Larson ex rel. Larson v. Miller</u>, 76 F.3d 1446, 1452 (8th Cir. 1996) (quoting <u>Pumps & Power Co. v. S. States Indus.</u>, 787 F.2d 1252, 1258 (8th Cir. 1986)). In this diversity case, we apply Missouri substantive law. <u>See</u> <u>Oriental Trading Co. v. Firetti</u>, 236 F.3d 938, 944 (8th Cir. 2001) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).

Lyree was an invitee on AFC's property. To establish AFC's premises liability under Missouri law, Lyree must prove: (1) a dangerous condition existed on AFC's property, (2) AFC knew, or by using ordinary care should have known, of the condition, (3) AFC failed to use ordinary care in removing or warning of the danger, and (4) Lyree sustained injuries as a result of the dangerous condition. <u>See</u> <u>Steward v. Baywood Villages Condo. Ass'n.</u>, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004). Missouri courts have defined "ordinary care" as the degree of care that an ordinarily careful person would use under the same or similar circumstances. <u>Lopez v. Three Rivers Elec. Coop., Inc.</u>, 26 S.W.3d 151, 158 (Mo. 2000) (en banc). Based on Missouri law, we affirm the district court's grant of judgment as a matter of law because Lyree failed to present sufficient evidence which would allow a reasonable jury to find AFC knew, or by using ordinary care should have known, about the oil spill in the parking lot.

Lyree argues Church's is a fast-food restaurant, and because of the nature of the business, Church's has cars entering and leaving its parking lot which may leak oil and grease onto the parking lot. Lyree thus argues the oil spots posed an unreasonable risk

to AFC's customers which was foreseeable to AFC. In <u>Sheil v. T.G. & Y. Stores Co.</u>, 781 S.W.2d 778, 779-780 (Mo. 1989) (en banc), where the plaintiff tripped and fell over a box in an aisle of a self-service store, the Missouri Supreme Court departed from earlier cases and held the length of time a dangerous condition is present would no longer "be so important a factor." Rather, the court held the more important factor was "the method of merchandising and the nature of the article causing the injury." <u>Id.</u> at 780. While it is true Lyree was not required to offer evidence about how long the oil spill was present, she needed to offer some evidence concerning AFC's method of merchandising or marketing as a fast-food restaurant and AFC's monitoring of its parking lot. Lyree failed to offer any such evidence.

In <u>Gately v. Wal-Mart Stores, Inc.</u>, 16 S.W.3d 711 (Mo. Ct. App. 2000), the Missouri Court of Appeals interpreted Missouri Supreme Court precedent as holding "that, at least as to falls outside the store, it is necessary that the defendant have some opportunity to observe the dangerous condition before the fall for which a plaintiff seeks to hold it responsible." <u>Id.</u> at 714 (citing <u>Moss v. Nat'l Super Markets, Inc.</u>, 781 S.W.2d 784, 785 (Mo. 1989) (en banc) (finding store owners owe essentially the same duties for the store's parking lot as inside the store)). The only evidence Lyree provided was her own vague testimony that she slipped and fell in what she believed was an oil or grease spot. Lyree did not provide any evidence about AFC's business practices or procedures regarding how AFC monitors its parking lot. Nor did Lyree present evidence of any prior complaints AFC received about this oil spot, parking lot oil spots in general, or any other dangerous condition in the parking lot. Lyree did not offer any evidence to show AFC had an opportunity to observe or know about the alleged dangerous condition before she fell.

Because the Missouri Supreme Court in <u>Sheil</u>, 781 S.W.2d at 780, held that the defendant's method of marketing was the more important factor in determining whether the defendant knew, or by using ordinary care should have known, of the dangerous condition, and Lyree offered no evidence on this factor, Lyree failed to

satisfy this element of premises liability. We affirm the district court's grant of judgment as a matter of law. To hold otherwise would be to hold AFC to a standard of strict liability, which is not Missouri law.

King's claim for loss of consortium is derivative of Lyree's claim, and because Lyree's claim fails, King's claim also fails. See Wright v. Barr, 62 S.W.3d 509, 537 (Mo. Ct. App. 2001).

## III.    CONCLUSION

For these reasons, we affirm.

_____