# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-3473/3518

_____

Susan A. Murphy,                    *

                            *

      Appellee/Cross-Appellant,   *

                            *   Appeals from the United States

          v.               *   District Court for the

                            *   Eastern District of Missouri.

FedEx National LTL, Inc.,     *

                            *

      Appellant/Cross-Appellee.   *

_____

Submitted: June 15, 2010
Filed: August 26, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Susan Murphy sued her former employer, FedEx National LTL, Inc. ("FedEx"), claiming that FedEx violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, when it fired her after representing to her that it had granted her leave. The district court submitted Murphy's FMLA claim to a jury on an estoppel theory, and the jury returned a verdict for Murphy. The district court then denied FedEx's renewed motion for judgment as a matter of law and for a new trial based on erroneous jury instructions. FedEx appeals and Murphy cross appeals. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. Background

We begin by discussing the background of this case, doing so in the light most favorable to Murphy, the prevailing party in the court below. Boerner v. Brown & Williamson Tobacco Co., 394 F.3d 594, 598 (8th Cir. 2005). Murphy and her husband began employment as truck drivers with FedEx in September 2006 after FedEx acquired their previous employer, Watkins Motor Lines.[1] Shortly before this, Murphy's husband was hospitalized. Accordingly, he sought and was granted FMLA leave. Murphy then sought FMLA leave from her immediate supervisor, Jeff Karnes, in order to care for her husband. Karnes told Murphy that she needed to speak with a Human Resources ("HR") representative to make those arrangements. In accordance with the HR representative's instructions, Murphy sought and received medical certification from her husband's doctor confirming her need for leave. On August 31, 2006, FedEx granted Murphy FMLA leave to care for her ailing husband.

On September 7, 2006, Murphy's husband died unexpectedly. That same day, Murphy called Karnes to notify him that her husband had died and to ask him about employee benefits related to funeral and burial expenses. Murphy was noticeably distraught over the death of her husband, so Karnes offered to obtain information regarding these benefits. Murphy then took three days of bereavement leave issued by FedEx.

On September 11, Karnes initiated another conversation with Murphy. He told her that her FMLA leave had ended on September 7th and asked her how much more time she needed before returning to work. Murphy said that she needed thirty days

---

[1]Due to the nature of FedEx's acquisition of Watkins, a critical issue at trial involved whether Murphy was ever actually employed by FedEx or if she was terminated by Watkins Motor Lines. Those factual issues are not relevant to the issues raised in this appeal, and we will refer to Murphy's employer as FedEx, regardless of the timing of the event in question.

"to take care of things." Karnes responded by saying "okay, cool, not a problem, I'll let HR know." He did not indicate whether Murphy needed approval from HR to take this leave. Murphy did not seek any additional approval from FedEx and did not seek medical certification. She testified that she would have sought medical certification had she not believed that Karnes had approved her leave request. Although she testified at trial that after the death of her husband, she was crying all the time, could not sleep, and had difficulty functioning, she did not tell Karnes or any other employee at FedEx about these symptoms.

On September 12, Karnes contacted an HR representative to inform her that Murphy had requested thirty days' leave to "put her affairs in order." HR denied that request. On September 15, Karnes called Murphy to inform her that FedEx had decided to terminate her.

Murphy then filed suit against FedEx, alleging, among other things, that FedEx interfered with her rights under the FMLA by denying her leave and terminating her employment. At the conclusion of Murphy's evidence at trial, FedEx moved for judgment as a matter of law. The district court denied FedEx's motion, but noted that the evidence in Murphy's case was premised on an unpleaded FMLA-estoppel theory, rather than a traditional FMLA claim. At that time, the district court also denied Murphy's offer of proof with respect to two doctors whose testimony the district court had previously excluded in an order granting FedEx's motion *in limine*. The two doctors sought to testify that they would have given Murphy leave certification if she had requested it at the relevant time.

At the conclusion of FedEx's evidence, the district court submitted the case to the jury with an estoppel-based verdict director. In formulating the instructions, the district court rejected FedEx's proposed instruction that would have required a verdict in FedEx's favor unless the jury found that Murphy placed FedEx on notice that she may have needed FMLA leave and that she actually suffered from an FMLA-

qualifying serious health condition. The district court also rejected Murphy's proposed instruction that, if the jury found that FedEx failed to request medical certification, it must find that FedEx waived its right to argue that Murphy did not suffer a serious health condition.

The jury returned a verdict in favor of Murphy. FedEx then filed a renewed motion for judgment as a matter of law and, alternatively, a new trial based on the district court's erroneous verdict director. The district court denied the motion, and FedEx appealed. Murphy filed a conditional cross-appeal challenging the district court's denial of her waiver instruction and exclusion of her proffered experts.

## II. Discussion

The FMLA provides eligible employees "up to twelve weeks of unpaid leave during a twelve-month period '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" Rask v. Fresenius Med. Care N. Am., 509 F.3d 466, 471 (8th Cir. 2007) (quoting 29 U.S.C. § 2612(a)(1)(D)). The statute defines "serious health condition" as any "illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). One way for an employee to succeed in an FMLA claim is to prove that her employer interfered with her substantive FMLA rights. Phillips v. Mathews, 547 F.3d 905, 909 (8th Cir. 2008). Here, the jury found FedEx liable for interference on an estoppel theory—i.e., that FedEx interfered with Murphy's substantive rights by representing that it had granted her leave, inducing reasonable reliance on this representation, and later terminating her. Three issues arise out of this verdict. We consider whether the district court erred: (1) in its formulation of the jury instructions; (2) by denying FedEx's motion for judgment as a matter of law; and (3) by excluding Murphy's proffered experts.

-4-

## A. Jury Instructions

"We review a district court's jury instructions for an abuse of discretion." McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 744 (8th Cir. 2010). "Our review is limited to whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented in a particular case." Id. at 744 (quotation omitted). The issues with respect to the jury instructions in this case are twofold: First, whether the district court's formulation of the estoppel instruction constituted an abuse of discretion; and second, whether the district court erred in rejecting Murphy's proposed waiver instruction. We consider these issues in turn.

## 1. Estoppel

With respect to the estoppel issue,[2] the verdict director instructed the jury that it must find for Murphy if, in relevant part:

(1)    Murphy was employed by FedEx;
(2)    Murphy requested thirty days' leave from FedEx;
(3)    FedEx represented to Murphy it approved the request for leave, with reason to believe that Murphy would rely upon FedEx's representation; and
(4)    Murphy reasonably relied upon FedEx's representation to her detriment.

"Equitable estoppel is available to prevent a company from contesting an employee's right to assert a claim under the FMLA." Reed v. Lear Corp., 556 F.3d 674, 678 (8th Cir. 2009). FedEx acknowledges this, but argues the parameters of the doctrine do not embrace the district court's instruction. It argues that the court abused

---

[2]Although not in the pleadings, Murphy's equitable estoppel claim was tried with the parties' consent. See Fed. R. Civ. P. 15(b)(2).

its discretion by failing to require the jury to find that: (1) Murphy actually needed FMLA leave because of a serious health condition; (2) even if proof of a serious health condition is not required, Murphy notified FedEx that she potentially had such a condition and may have needed FMLA leave; and (3) Murphy believed FedEx had granted her FMLA leave, rather than some other type of leave.

On the first issue, our decision in Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002), is instructive. In Duty, an employer terminated an employee after he failed to come to work following twelve weeks of FMLA leave. Id. at 487. Earlier, however, the employer had told the employee that his entire thirty-four weeks of leave, far more than the twelve-week statutory maximum, qualified as FMLA leave. Id. at 486–87. When the employee filed an FMLA claim against his employer, the employer asserted as an affirmative defense that the employee's FMLA leave had expired at the time of the termination. Id. at 493. We rejected this argument and held that even though the FMLA only authorizes twelve weeks' leave, the employer could be estopped from asserting this as an affirmative defense because of its prior representations and the employee's reasonable and detrimental reliance on those representations. Id. at 493–94. Duty is analytically similar to Murphy's case. Just as the FMLA only qualifies employees for twelve weeks' leave, as was the case in Duty, it only qualifies employees, as relevant here, for leave due to serious health conditions. See 29 U.S.C. § 2612(a)(1)(D). But, as Duty instructs, an employee can overcome these limitations if she satisfies the estoppel requirements. We hold, therefore, that an employer who makes an affirmative representation[3] that an

---

[3]The distinction between an affirmative representation and mere inaction is significant. A case in which an employer takes no action to certify an employee's FMLA request, thereafter fires the employee, and then seeks to challenge the employee's entitlement to FMLA leave involves a question of waiver, an issue we address later in our opinion. See infra Section II.A.2. Much of FedEx's supporting case law deals with employer inaction, see Levine v. Children's Museum of Indianapolis, 61 F. App'x 298, 301 (7th Cir. 2003); Rhoads v. FDIC, 257 F.3d 373, 386 (4th Cir. 2001); Stekloff v. St. John's Mercy Health Sys., 218 F.3d 858, 860 (8th

employee reasonably and detrimentally believed was a grant of FMLA leave can be estopped from later arguing that the employee was not in fact entitled to that leave because she did not suffer a serious health condition.

FedEx next argues that even if estoppel can overcome an employee's inability to prove she had a serious health condition, it cannot overcome the FMLA's notice requirement. The district court's instruction did not require the jury to find that Murphy provided FedEx with adequate notice that she was seeking FMLA leave. We agree with FedEx that this omission rendered the verdict director erroneous. While we embrace Murphy's estoppel theory of FMLA liability, the theory cannot succeed unless the employee first triggers the statute's protections by providing her employer with notice that she may need FMLA leave. See Scobey v. Nucor Steel-Arkansas, 580 F.3d 781, 787 (8th Cir. 2009) ("Only if [the employee] provided adequate notice do we need to examine whether [the employer] defaulted on any obligation to inquire further."); Woods v. DaimlerChrysler Corp., 409 F.3d 984, 991 (8th Cir. 2005) ("A claim under the FMLA cannot succeed unless the plaintiff can show that he gave his employer adequate and timely notice of his need for leave . . . ."); Spangler v. Fed. Home Loan Bank of Des Moines, 278 F.3d 847, 853 (8th Cir. 2002) (same).

Murphy argues that our cases on this issue are inapplicable because they are waiver cases, not estoppel cases. To the extent that this is true, it is a distinction without a difference in the notice context. Before an employee can claim FMLA protection, whether through estoppel, waiver, or otherwise, the employee must put the statute in play—she must notify her employer that she may need FMLA leave. Scobey, 580 F.3d at 787. To permit otherwise would enable an employee to blind-side her employer by taking a generic leave request and retroactively transforming it into an FMLA claim. We have previously found this problematic and will not permit

---

Cir. 2000), and is more appropriately considered when addressing the propriety of a waiver instruction.

it here. See Rask, 509 F.3d at 471 ("The employer must be made aware that the absence is due to a serious illness so the employer can distinguish it from ordinary 'sick days,' or even malingering, as a type of unusual and privileged absence.").[4] We hold therefore that the district court abused its discretion. Because the instruction omits a fundamental requirement necessary for an employee to access the FMLA's protections, a new trial is warranted.

Finally, the district court on remand must instruct the jury that, in order to return a verdict for Murphy, it is required to find that Murphy reasonably believed that FedEx represented that it granted her FMLA leave, rather than some other kind of leave. We reject, however, FedEx's arguments as to the level of specificity of that representation. We have held that an estoppel-based FMLA claim cannot succeed based on vague representations, the reason being that a reasonable person would not be entitled to rely on those representations. See Reed, 556 F.3d at 679–81. While a number of our estoppel-based FMLA cases include specific employer references to the FMLA, see, e.g., Duty, 293 F.3d at 493, such references are not required. Equitable estoppel is a flexible doctrine designed to "accomplish justice between the parties." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., No. 1, 56 F.3d 904, 915 (8th Cir. 1995). Requiring that an employer utter certain words or phrases would impose inappropriate rigidity on the inquiry. We hold only that, to find for an employee, the jury must find that the employee reasonably believed, based on the totality of the circumstances, that the employer's approval was for FMLA leave.

---

[4]Murphy's reliance on Duty is ill-founded for purposes of the notice requirement. In Duty, it was undisputed that the employee gave adequate notice and was in fact suffering from a serious health condition. 293 F.3d at 485–87. For this reason, Duty does not obviate the requirement that an employee provide her employer with adequate notice in order to succeed on an estoppel-based FMLA claim.

## 2. Waiver

Because we remand the case for a new trial, we must address Murphy's claim in her conditional cross-appeal that the district court abused its discretion by rejecting her proposed waiver instruction. Murphy's proposed instruction directs the jury that it must find for Murphy if, in relevant part:

(1) Murphy requested thirty days' leave from FedEx;
(2) FedEx was on notice that Murphy may have a serious health condition;
(3) FedEx did not request medical certification to determine whether Murphy had a serious health condition; and
(4) FedEx failed to grant Murphy leave and terminated her.

The propriety of this proposed instruction hinges on analysis of the language in 29 U.S.C. § 2613(a), which states an employer "may" request certification by a health-care provider of an employee seeking FMLA leave. See also id. § 2613(c)(1), (d)(1) (providing certification procedures for second and third medical opinions).

We first considered the implications of § 2613 in Thorson v. Gemini, Inc., 205 F.3d 370 (8th Cir. 2000). In Thorson, we addressed a waiver argument at the summary judgment stage and stated, "because the company did not resort to the protections for employers provided by [§ 2613] . . . there is no genuine issue of fact on this part of the 'serious heath condition' question." Id. at 381. Read alone, this language suggests a per se preclusion of employer challenges when the employer initially fails to require certification pursuant to § 2613. But our opinion in Thorson was more nuanced. While we noted the employer's initial failure to require certification, we proceeded to analyze the facts of the case. See Thorson, 205 F.3d at 381–82. In so doing, we determined that because the employee had presented contemporaneous medical evidence that he was in fact suffering from a serious health condition, the employer could not create a question of material fact by relying on

medical evaluations performed months or years later.  Id.  Properly read, the decision illustrates the "potential pitfalls" for an employer who chooses not to pursue immediate certification; the opinion does not articulate a per se preclusion rule. Rhoads, 257 F.3d at 385–86; Dillaway v. Ferrante, No. Civ. 02-715(JRT/JSM), 2003 WL 23109696, at *8–9 (D. Minn. Dec. 9, 2003) (unpublished).

Several months later, we reaffirmed this view in Stekloff v. St. John's Mercy Health Sys., 218 F.3d 858 (8th Cir. 2000).  In that case, we paid particular attention to the permissive nature of § 2613, noting that the statute says only that an employer "may" seek additional certification if it has reason to doubt the validity of an employee's claim; an immediate demand for certification is not required.  Id. at 860. Accordingly, we rejected the argument that § 2613 "requir[es] an employer to obtain a second opinion or else waive any future opportunity to contest the validity of the certification."  Id.  In so doing, we cited Thorson for the proposition that the Eighth Circuit does "consider[] employer arguments that an employee did not have a serious medical condition in spite of the fact that no second opinion was sought."  Stekloff, 218 F.3d at 860 (citing Thorson, 205 F.3d at 381–82).

Our most recent case to address this issue, and the one Murphy puts forth in support of her position, is Spangler v. Fed. Home Loan Bank of Des Moines, 278 F.3d 847 (8th Cir. 2002).  There, our court referred to the § 2613 certification procedures as a "duty" and stated that the failure to exercise that duty could result in a jury finding that the employer violated the FMLA.  Id. at 853.  This, Murphy argues, constitutes an endorsement of her proposed waiver instruction.  We disagree.  We acknowledge that Spangler's reference to certification as an employer's "duty" contradicts Stekloff's treatment of the statute as permissive.  However, we need not address this apparent conflict in detail.  Spangler stated that violation of an employer's "duty" to seek § 2613 certification "*could*" result in FMLA liability.  Id. (emphasis added).  It did not address the jury's ability to so find if the employee did not in fact have an FMLA-qualifying serious health condition.  In light of the unqualified language in Stekloff

-10-

and the clear inference in <u>Thorson</u>, we do not believe that the language in <u>Spangler</u> creates ambiguity as to our standard on waiver in the FMLA context. <u>Stekloff</u> is the law of our circuit.

Even if we took a more expansive reading of <u>Spangler</u> and held that it directly conflicts with <u>Stekloff</u> and <u>Thorson</u>, our general practice when dealing with intra-circuit splits is to follow the earlier opinion, "as it should have controlled the subsequent panels that created the conflict." <u>T.L. ex rel. Ingram v. United States</u>, 443 F.3d 956, 960 (8th Cir. 2006); <u>see also</u> <u>Darst v. Interstate Brands Corp.</u>, 512 F.3d 903, 911 (7th Cir. 2008) (post-<u>Spangler</u>, citing <u>Stekloff</u> as the Eighth Circuit's rule on waiver in the FMLA context); <u>Novak v. MetroHealth Med. Ctr.</u>, 503 F.3d 572, 579–80 (6th Cir. 2007) (same). Although employers should be wary of the consequences of failing to take advantage of the FMLA's certification procedures, <u>see</u> <u>Thorson</u>, 205 F.3d at 382, an absolute waiver of the right to challenge the existence of an FMLA-qualifying condition is not one of those consequences.

While we are remanding for a new trial because of erroneous jury instructions, we must address FedEx's arguments for judgment as a matter of law, because a reversal on this issue would obviate the need for a trial. With the correct framework, as articulated above, we proceed to these arguments.

## B. Judgment as a Matter of Law

We review a district court's denial of a motion for judgment as a matter of law *de novo*, applying the same standard as the district court. <u>Roberson v. AFC Enters., Inc.</u>, 602 F.3d 931, 933 (8th Cir. 2010). Judgment as a matter of law is proper when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In determining whether a moving party has met this standard, we resolve all factual conflicts in favor of the nonmoving party,

give the nonmoving party the benefit of all reasonable inferences, and assume in the nonmoving party's favor all facts supported by the evidence. Roberson, 602 F.3d at 933. To the extent the motion is based on the argument that the jury's verdict was against the weight of evidence, the district court's ruling denying the motion creates an "onerous burden" for the moving party. Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 689 (8th Cir. 2001). FedEx argues that the district court should have granted its motion for judgment as a matter of law because no reasonable jury could find that: (1) Murphy provided FedEx with adequate notice; and (2) Murphy otherwise satisfied the elements of estoppel.

## 1. Notice

We begin by addressing FedEx's argument that no reasonable jury could find that Murphy provided FedEx with the requisite notice. Notice, as the FMLA requires, means that an employee must provide her employer with "enough information to show that [s]he may need FMLA leave." Woods, 409 F.3d at 990. While the employee is not required to invoke the FMLA by name, the employee must provide "information to suggest that h[er] health condition could be serious." Id.

Our cases instruct that the adequacy of an employee's notice requires consideration of the totality of the circumstances, e.g., Scobey, 580 F.3d at 787, and is typically a jury question, Phillips, 547 F.3d at 909. Despite this, we held in Rask that an employee's notice to her employer that she had been diagnosed with "depression," with no accompanying details, was insufficient as a matter of law. 509 F.3d at 472–73. We stated that while depression might qualify as a serious health condition, it is a "condition with many variations," not all of which would qualify as serious. Id. at 472; see also Woods, 409 F.3d at 992–93 (finding that a doctor's notes stating that an employee should not work, but offering no diagnosis or other detail did not provide an employer with sufficient notice); Carter v. Ford Motor Co., 121 F.3d 1146, 1148 (8th Cir. 1997) (finding that a notification that employee is "sick," without

-12-

more, is insufficient notice). Without additional details, we held, the employee's notice was insufficient. Rask, 509 F.3d at 473–74.

By comparison, in Spangler, we found a genuine issue of material fact as to notice when the employee notified her employer that she would be absent due to "depression again." 278 F.3d at 852. Unlike Rask, the record in Spangler contained evidence of the employer's prior awareness of the employee's condition: the employer "knew [the employee] suffered from depression, knew she needed leave in the past from depression and knew . . . she was suffering from 'depression again.'" Id. These circumstances, we held, created a question of material fact as to the adequacy of the employee's notice. Id. at 853; cf. Scobey, 580 F.3d at 789 ("There is no evidence that [the employer] had any prior knowledge of [the employee's condition] . . . .").

Considering the totality of the circumstances in this case in the light most favorable to Murphy, a reasonable jury could find that Murphy put FedEx on notice that she was requesting FMLA leave. By itself, Murphy's request for thirty days' leave to "take care of things" would be insufficient. Like the employees in Rask, Woods, and Carter, this statement, in isolation, could have any number of meanings, many of which would not warrant FMLA protection. However, there are other facts that, taken in their totality, create a material question as to the adequacy of Murphy's notice. First, there are a number of facts demonstrating FedEx's awareness of Murphy's mental condition. Karnes was aware that (1) Murphy's husband, who had worked with her for many years, died unexpectedly; (2) that Murphy was noticeably distraught; and (3) that Murphy was unable to work the night shift because it reminded her too much of her husband. A jury could consider the effect that Murphy's mental state, and FedEx's awareness of that state, had on the objective sufficiency of Murphy's notice. See Spangler, 278 F.3d at 853 ("A jury could consider the difficulty one suffering from depression has with communications . . . in objectively evaluating whether the [employer] was on notice of her need for FMLA leave."). Further, the context of the conversation during which Murphy requested leave provides support for a finding that

-13-

she provided adequate notice: during a brief conversation, Karnes told Murphy that her FMLA leave to care for her husband had expired and then asked whether she needed additional leave. Although a fact-finder might reasonably interpret her affirmative response to this question as a request for additional non-FMLA leave, it is also reasonable to interpret it as a request for additional FMLA leave. In light of the circumstances of Murphy's husband's death, her affirmative response to Karnes's question, asked during a discussion involving FMLA leave, could reasonably be interpreted as objectively adequate notice.

Arguing to the contrary, FedEx relies on our decision in <u>Scobey</u>, a case in which, according to FedEx, an employee gave more explicit notice. In <u>Scobey</u>, we held that no reasonable jury could find that an employee's statements that he was "having a nervous breakdown" and was "f\*\*\*ed up" constituted adequate notice. 580 F.3d at 789. But our decision was not that these statements alone were inadequate. Rather, like our decision in this case, our decision in <u>Scobey</u> was based on the totality of the circumstances: the employee's "previous unexcused absences, drunken behavior, and shifting explanations of why he could not come to work." <u>Id.</u> It was these circumstances, none of which exist in the present case, that rendered these statements insufficient as a matter of law to support a finding of adequate notice. <u>See id.</u> FedEx also points to the <u>Scobey</u> employee's statements that he "could not recall the past four days" and "wanted some help." Contrary to FedEx's argument, we assumed that these statements *were* sufficient, and resolved the issue on other grounds. <u>See</u> <u>id.</u> at 789. For these reasons, <u>Scobey</u> is distinguishable from this case and does not alter our conclusion that a reasonable jury could find that Murphy gave FedEx adequate notice.[5]

---

[5]We make no judgment as to whether Murphy was actually suffering from a type of depression that qualifies as a serious health condition; such a showing is not required at the notice stage. Nor do we hold that notice of a death in the family is always sufficient to create a jury question. We only hold that in the unique circumstances of this case, a reasonable jury could find that Murphy provided FedEx

## 2. Estoppel

Having resolved the notice issue, the next question is whether a reasonable jury could find Murphy met the remaining elements of an estoppel claim. The theory of "estoppel declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny the representation." Reed, 556 F.3d at 678 (quotation omitted). To the extent that the jury found Murphy proved these elements, we consider FedEx's weight-of-the-evidence arguments in light of this finding.

FedEx first claims that no reasonable jury could find that Karnes's statement, "okay, cool, not a problem, I'll let HR know," in response to Murphy's request for thirty additional days of leave was a sufficiently definite representation for estoppel purposes. We have held that a representation can be indefinite to the point that it is insufficient to support an estoppel theory. Id. at 680–81. But Karnes's representation does not suffer from this deficiency. Taking the facts in the light most favorable to the jury verdict, Karnes stated, unequivocally, that Murphy could take leave for a definite time period and that he would inform HR that this leave had been authorized. This is sufficiently definite for a reasonable jury to find that Murphy satisfied the representation prong of her estoppel claim.

Further, contrary to FedEx's argument, a jury could reasonably find that it was reasonable for Murphy to rely on Karnes's representation. FedEx relies heavily on the argument that Murphy had been through the FMLA process before and knew that Karnes was not authorized to grant FMLA leave without authorization from HR. While that is certainly one reasonable inference, another reasonable inference is that Murphy reasonably believed that because Karnes did not specify any additional steps that he or Murphy needed to take to authorize the leave, the leave had been granted.

_____

with adequate notice.

-15-

Murphy's testimony reflected this when she stated that she thought it was "not necessarily" the case that she had to talk to HR about taking leave. Further, a reasonable jury could find that Murphy reasonably believed that Karnes's representation was a grant of FMLA leave specifically, and not some other type of leave. As stated above, in light of the totality of the facts, a jury could find that Murphy had adequately notified FedEx that she was potentially suffering an FMLA-qualifying condition and was requesting FMLA leave. A reasonable jury could find that Murphy, upon receiving an immediate, affirmative response to this request, reasonably believed that Karnes had approved her specific request, FMLA leave.

FedEx does not argue in its opening brief that no reasonable jury could find that Murphy was injured as a result of her reliance, and we do not address it here. FTC v. Neiswonger, 580 F.3d 769, 775 (8th Cir. 2009) ("Claims not raised in an opening brief are deemed waived.") (quotation omitted). For these reasons, we affirm the district court's denial of FedEx's motion for judgment as a matter of law.

## C. Expert Testimony

Murphy sought to present testimony from Drs. Patil and Sjak-Shie that they would have written Murphy notes certifying that she should be given thirty days' FMLA leave. The district court excluded this evidence prior to trial. We review for an abuse of discretion. Cavataio v. City of Bella Villa, 570 F.3d 1015, 1022 (8th Cir. 2009).

In her opening brief, Murphy argues that the district court's reliance on the doctors' testimony in denying summary judgment precludes the court from later excluding the evidence at trial. We disagree. Although not identified as such, Murphy's argument is essentially an argument based on the law-of-the-case doctrine. This doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and

promote judicial economy." <u>United States v. Bartsh</u>, 69 F.3d 864, 866 (8th Cir. 1995). Even assuming that the district court's reference to testimony in a summary judgment order constituted a ruling with respect to that testimony's admissibility, the doctrine does not apply. The law-of-the-case doctrine only applies to final orders, not interlocutory orders. <u>Gander Mountain Co. v. Cabela's, Inc.</u>, 540 F.3d 827, 830 (8th Cir. 2008). Because a denial of summary judgment is an interlocutory order, <u>White Consol. Indus., Inc. v. McGill Mfg. Co.</u>, 165 F.3d 1185, 1189 (8th Cir. 1999), the order in this case did not preclude the district court from later granting FedEx's motion *in limine.*

Murphy does not assign further error to the district court's exclusion of Dr. Patil, so our focus is on Dr. Sjak-Shie's proposed testimony. The record shows that Murphy had seen Dr. Sjak-Shie regarding a matter unrelated to her husband's death thirty-six days after her request for leave. At that appointment, Dr. Sjak-Shie prescribed Murphy a sleep aid because she believed Murphy was "coping poorly" with her husband's death. At no point during this examination did Dr. Sjak-Shie examine Murphy for depression or other stress-related conditions, and Dr. Sjak-Shie testified that there was no independent medical evidence of Murphy's condition and she relied solely on Murphy's self-report. Further, Dr. Sjak-Shie agreed at her deposition that she did not evaluate Murphy's health condition as it stood at the time of her leave request.

The district court did not abuse its discretion by excluding Dr. Sjak-Shie's testimony. The relevant inquiry here is the basis for Dr. Sjak-Shie's testimony that, at the time of Murphy's leave request, Dr. Sjak-Shie would have written Murphy a note certifying that Murphy had a serious health condition rendering her unable to work. <u>See</u> 29 U.S.C. § 2613(b)(4)(B)("[F]or purposes of leave under section 2612(a)(1)(D) of this title, a statement that the employee is unable to perform the functions of the position of the employee" is sufficient certification.); <u>Woods</u>, 409 F.3d at 990 ("Only absences 'attributable to . . . serious health conditions' are

protected.") (citation omitted). A necessary prerequisite to this testimony is that Dr. Sjak-Shie in fact had some basis to believe that Murphy had a serious health condition at the relevant time. The record contains no support for that belief; the doctor herself testified that she had no basis for diagnosing Murphy at the relevant time. In light of this testimony, we cannot find that the district court abused its discretion. See Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 865 (8th Cir. 2010) ("Although the factual basis of an expert's opinion is generally an issue of credibility rather than admissibility, an expert's opinion should be excluded if it 'is so fundamentally unsupported that it can offer no assistance to the jury.'") (citation omitted).

## III. Conclusion

For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. On remand, the district court must properly instruct the jury on the employee's duty to put the employer on notice of the need for FMLA leave. The district court must also properly instruct the jury that Murphy must have reasonably believed that FedEx represented that it granted her FMLA leave, as opposed to some other type of leave.

_____