ERICKSEN, District Judge,
dissenting in part.
Because I believe that the record would not support a finding that Rynders provided timely notice, I respectfully dissent from that portion of the Court’s opinion addressing the FMLA.
The statute and the regulations that create and define an employee’s rights under the FMLA require the employee to give timely notice of the employee’s intent to use the leave. If practicable, notice must be given in advance of an absence — 30 days is the presumptively sufficient advance notice. 29 U.S.C. § 2612(e)(2) (“[T]he employee ... shall provide the employer with not less than 30 days’ notice [of planned medical treatment].”). It is true that in emergencies it is not always possible to give advance notice and the statute recognizes this reality. See id. (“[I]f the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable.”); see also 29 C.F.R. § 825.302(a). Even then, though, the employer is to be informed as early as possible, and almost always in a day or two. 29 C.F.R. § 825.302(b) (“[I]t should be practicable for the employee to provide notice of the need for leave either the same day or the next business day.”).
There is no dispute that on September 12, 2008, Rynders was issued a written warning about being late to work. Whether Rynders thereafter provided sufficient notice of his need for FMLA is a matter the parties dispute. But there is no dispute that some of Rynders’ 20 sick days, and at least some (enough that the employer issued a written warning) of the 52 times he was tardy in 2008, occurred before September 12. Indeed, Rynders does not claim that he did anything at all before September that would have put the Road Department or Williams on notice that he needed FMLA leave, intermittent or otherwise.[5]
Even if an employee is entitled to FMLA leave, and even if that leave is intermittent, the entitlement does not extend to random, unannounced leave or tardiness with no notice at all. Intermittent does not mean retroactive or random at the employee’s discretion. See Spangler v. Fed. Home Loan Bank of Des Moines, 278 F.3d 847, 853 (8th Cir.2002) (“[T]he FMLA does not provide an employee suffering from depression with a right to ‘unscheduled and unpredictable, but cumulatively *1198 substantial, absences’ or a right to ‘take unscheduled leave at a moment’s notice for the rest of her career.’ ” (quoting Collins v. NTN-Bower Corp., 272 F.3d 1006, 1007 (7th Cir.2001))). Nothing in the record indicates that Rynders ever — before or after September 12 — gave advance notice, or even “such notice as is practicable” after the fact, that he had a serious health condition that would cause him to be unable to notify the County on any given occasion of his expected time of arrival. And, but for an absence from January 8 to 12, he does not claim to have given advance or remotely contemporaneous notice that his many absences were due to such a condition. This is not in keeping with the letter or spirit of the FMLA.
FMLA leave is a type of “unusual and privileged absence” and an employer must be made aware that an employee may need that sort of absence. Murphy v. FedEx Nat% 618 F.3d 893, 900 (8th Cir.2010) (internal quotation marks omitted). “To permit otherwise would enable an employee to blind-side her employer by taking a generic leave request and retroactively transforming it into an FMLA claim.” Id. Rynders “put the statute in play” only after being reprimanded for excessive tardiness.
Even assuming that Rynders’s self-described medical ailments would be sufficient to persuade a jury that he had a serious medical condition sufficient to trigger FMLA protection — as opposed to ordinary sick leave — his FMLA claims fail, in my opinion, because he has not produced evidence sufficient to persuade a jury that he gave statutorily adequate notice. I would affirm the district court’s dismissal of the FMLA claims.

. Rynders gave sworn testimony before the Garland County Quorum Court on February 19, 2009, only a portion of which is part of the record before us. In support of his argument that an issue of fact exists as to notice, he relies on an affidavit he prepared in response to Williams’ motion for summary judgment.