WILSON, Circuit Judge,
dissenting:
I dissent for two reasons.
First, the majority, “[ajssuming for the sake of argument that federal common law equitable estoppel applies to the FMLA,” affirms summary judgment because Dawkins fails to demonstrate that she reasonably and detrimentally relied upon the representation provided to her that she was entitled to take FMLA leave. I disagree. Dawkins produced sufficient evidence of reasonable and detrimental reliance to survive summary judgment. The record reflects that on October 18, 2007, Dawkins sent an e-mail to Andrew Stokes, her supervisor, with the subject line “FMLA.” In the e-mail, Dawkins requested time off so that she could help her father take care of her ill uncle. She copied Stephanie Year-by and Barnett Jones, the General Services Human Resources Director. The email read:
I am requesting emergency leave from October 19, 2007 to November 2[,] 2007, to assist my dad, Kenneth Dawkins, while he deals with issues surrounding his terminally ill brother. Additionally, I am requesting an FMLA package to be sent to:
[Dawkins’s temporary address].
Two hours after receiving the request, Stokes responded in a one-word e-mail:
“Approved.”
Dawkins took her leave and subsequently lost her reassignment to a higher paying position. Viewing this evidence in the light most favorable to Dawkins, there is a genuine issue of fact as to whether she reasonably and detrimentally relied upon her employer’s misrepresentation about her entitlement to take FMLA leave. Any *1092 disagreement about the inferences that should be drawn from the facts should be resolved by the ultimate fact-finder. And any reasonable doubts about the facts at the summary judgment stage should be resolved in favor of Dawkins, the nonmovant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.), reh’g denied, 193 F.3d 525 (11th Cir.1999).
Secondly, rather than determining whether equitable estoppel is viable in the FMLA context and clarifying its elements before applying them, the majority determines that Dawkins has not satisfied the hypothetical elements of a hypothetical claim. Were it clear that Dawkins had failed to meet an essential element of the claim, the majority’s attempt to avoid making new law would be appropriate. Because this case turns on a genuine dispute of fact about one of the essential elements of Dawkins’s estoppel claim, however, this case cannot be resolved without clarifying the law in this circuit.
All of the other circuits to address the issue have concluded that the equitable estoppel doctrine applies in FMLA employment discrimination cases when its elements are met. Those circuits include the Second, Fifth, Sixth and Eighth. See Dobrowski v. Jay Dee Contractors, Inc., 571 F.3d 551, 554 (6th Cir.2009) (“Our circuit recognizes that in certain circumstances equitable estoppel applies to employer statements regarding an employee’s FMLA eligibility....”); see also Murphy v. FedEx Nat’l LTL, Inc., 618 F.3d 893, 899-901 (8th Cir.2010) (holding that the doctrine is available to prevent a company from challenging an employee’s right to bring a claim under the FMLA and noting that all the doctrine requires is that the “employee reasonably believed, based on the totality of the circumstances, that the employer’s approval was for FMLA leave”); Minard v. ITC Deltacom Commc’ns, Inc., 447 F.3d 352, 359 (5th Cir.2006) (holding that if the employee reasonably relies on a representation by the employer and acts to her detriment, an employer who, “without intent to deceive makes a definite but erroneous representation” to the employee that the requested leave is FMLA eligible, and who has reason to believe that the employee would rely on that representation, may be es-topped from arguing that the leave was not eligible); Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 493-94 (8th Cir.2002) (affirming the district court’s decision to equitably estop an employer from contesting an employee’s FMLA eligibility); Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 726 (2d Cir.2001) (affirming the district court’s application of equitable estoppel to “an employer who remains silent when its employee announces that she plans to take medical leave,” because the silence “mislead[s] that employee into believing that she is protected by the FMLA”).[1] Consistent with these circuits, we should take this opportunity to both recognize that equitable estoppel applies in FMLA cases and clarify its elements.[2]
*1093 I would reverse the summary judgment and remand for further proceedings.

. The First, Seventh, Ninth, and Tenth Circuits have considered but ultimately refused to apply the doctrine because its elements were not satisfied. See Peters v. Gilead Scis., Inc., 533 F.3d 594, 598-99 (7th Cir.2008) (noting that Seventh Circuit caselaw "suggested equitable estoppel might, in an appropriate case,” be available (internal quotation marks omitted)); Bass v. Potter, 522 F.3d 1098, 1106 (10th Cir.2008); Plumley v. S. Container, Inc., 303 F.3d 364, 374 (1st Cir.2002); Marchisheck v. San Mateo County, 199 F.3d 1068, 1076-77 (9th Cir.1999).

. Beyond the fundamental issue of whether equitable estoppel is available, we must also determine whether "awareness of true facts by the party to be estopped” is an element of the claim in the FMLA context. Outside of the FMLA context, this court recognized a *1093 five-element equitable estoppel claim. See Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1326 (11th Cir.2008) (including awareness of the true facts by the party to be estopped as an element). In Martin v. Brevard County Public Schools, without announcing whether equitable estoppel was applicable to FMLA claims, this court assumed that the five elements recognized in Busby would be necessary to make out the claim. 543 F.3d 1261, 1266 (11th Cir.2008). Other circuits that have recognized equitable estoppel in FMLA cases eliminate at least one element from Busby. See, e.g., Dobrowski, 571 F.3d at 556 ("The two versions of the estoppel rule contain a manifest difference. The Supreme Court’s version of the rule does not require the party asserting the estoppel to show that the other party was aware of the 'true facts’ or that the other party intended for the statement to be relied upon____ The better approach is to follow the requirements for equitable estoppel endorsed by the Supreme Court in Heckler [v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984)].”).
Even if it is assumed that the element is necessary, the district court failed to consider whether Stokes reasonably should have known that Dawkins was ineligible for FMLA leave by "constructive knowledge.” See Myers v. Fid. & Cas. Co. of N.Y., 759 F.2d 1542, 1548 n. 9 (11th Cir.1985) (stating that "[t]he person against whom the estoppel is to apply must have actual or constructive knowledge of the facts” (emphasis added) (quoting Choat v. Rome Indus., Inc., 462 F.Supp. 728, 730 (N.D.Ga.1978))); see also Trane Co. v. Whitehurst-Lassen Constr. Co., 881 F.2d 996, 1005 (11th Cir.1989) ("A party asserting an estoppel theory must have neither knowledge of, nor a reasonable means or opportunity of obtaining knowledge of, the facts in dispute.”). The Fifth Circuit has described it as "more than apprehension that something might be wrong but less than actual knowledge.” Luckett v. Delta Airlines, Inc., 171 F.3d 295, 299-300 (5th Cir.1999) (internal quotation marks omitted).